```
1   John P. Schnurer, Bar No. 185725,
    JSchnurer@perkinscoie.com
2   Joseph P. Reid, Bar No. 211082,
    JReid@perkinscoie.com
3   Jack Ko, Bar No. 244630,
    JKo@perkinscoie.com
4   PERKINS COIE LLP
    11988 El Camino Real, Suite 200
5   San Diego, CA  92130-3334
    Telephone:  858.720.5700
6   Facsimile:  858.720.5799

7   James C. Pistorino, Bar No. 226496,
    JPistorino@perkinscoie.com
8   PERKINS COIE LLP
    3150 Porter Drive
9   Palo Alto, CA  94304-1212
    Telephone:  650.838.4300
10  Facsimile:   650.838.4350

11  Attorneys for Plaintiffs
    ASUSTeK Computer Inc. and ASUS Computer
12  International, Inc.
```

ORIGINAL FILED
2011 DEC 23  P 2:50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, INC., | Case No. CV 11-06636 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| ROUND ROCK RESEARCH, LLC; AMERICAN MEGATRENDS INC.; and SAMSUNG ELECTRONICS CO., LTD. | |
| Defendants. | |

Plaintiffs ASUSTeK Computer Inc. and ASUS Computer International, Inc. hereby plead the following claims for Declaratory Judgment against Defendant Round Rock Research, LLC and claims for indemnification against American Megatrends Inc. and Samsung Electronics Co., Ltd., and allege as follows:

-1-

78864-0001/LEGAL22374122.1

COMPLAINT
COPY

**PARTIES**

1. Plaintiff ASUSTeK Computer Inc. ("ASUSTeK") is a Taiwanese corporation with its principal place of business at 15 Li-Te Road, Peitou, Taipei, 112, Taiwan.

2. Plaintiff ASUS Computer International, Inc. ("ACI") is a California corporation having its principal place of business and corporate headquarters at 800 Corporate Way, Fremont, California 94539.

3. Upon information and belief, Defendant Round Rock Research, LLC ("Round Rock") is a Delaware limited liability company with its principal place of business located at 26 Deer Creek Lane, Mount Kisco, New York 10549.

4. Upon information and belief, Round Rock is a patent licensing company which, among other things, attempts to license its portfolio of issued patents and pending applications throughout the United States, Europe, and Asia. Upon information and belief, in pursuit of its licensing campaign Round Rock conducts business throughout the United States personally and through its agents, and actively transacts business in this judicial district in particular, including by attempting to license its patent portfolio.

5. Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung") is a Korean corporation with its principal place of business located at 1320-10, Seocho 2-Dong, Seocho-Gu, Seoul 137-857, Republic of Korea.

6. Upon information and belief, Samsung is a multinational company which, among other things, provides semiconductor components, such as memory, televisions, and cellular phones. Upon information and belief, Samsung operates throughout the United States personally and through its wholly-owned subsidiary, Samsung Electronic America, Inc., which upon information and belief is a New York corporation that transacts business in this judicial district, including by selling and offering for sale its products in California. Samsung has a contract with ASUSTeK requiring it to defend and/or indemnify ASUSTeK for all the claims, costs, and/or damages arising out of its contract with ASUSTeK.

7. Upon information and belief, Defendant American Megatrends Inc. ("AMI") is a Georgia corporation with its principal place of business located at 5555 Oakbrook Pkwy., Bldg.

1  200, Norcross, GA 30093. Upon information and belief, AMI transacts business in this judicial
2  district, including by selling and offering for sale its products in California. AMI has a contract
3  with ASUSTeK requiring it to defend and/or indemnify ASUSTeK for all the claims, costs,
4  and/or damages arising out of its contract with ASUSTeK.

## JURISDICTION, VENUE AND JOINDER

6  8. This action arises under the laws of the United States, in particular Title 35 of the
7  United States Code. This action further arises under the laws of California, in particular
8  California Civil Code § 2778 and California Commercial Code § 2607 and § 2312. Section 2312
9  of the California Commercial Code incorporates languages of § 2-312 of the Uniform
10  Commercial Code ("UCC").

11  9. The Court has subject matter jurisdiction over this action and the matters pleaded
12  herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal
13  Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35
14  U.S.C. § 101 *et seq.*

15  10. An actual controversy exists between Plaintiffs and Round Rock through Round
16  Rock's assertion of its patent rights based on certain of Plaintiffs' ongoing activities. In
17  particular, Round Rock contends that Plaintiffs' certain consumer electronics products infringe
18  one or more of its patents. Plaintiffs contend that they have the right to make, use, sell, and/or
19  offer to sell its products and services in the United States, or import them into the United States
20  unhampered by Round Rock.

21  11. This Court has supplemental jurisdiction over Plaintiffs' indemnification claims
22  against AMI and Samsung arising under California law, including Cal. Civ. Code § 2778 and Cal.
23  Com. Code §§ 2607 and 2312, pursuant to 28 U.S.C. § 1367(a) because these claims are so
24  related to Plaintiffs' claims under federal law that they form part of the same case or controversy
25  and derive from a common nucleus of operative fact.

26  12. The Court has personal jurisdiction over Round Rock because, among other things,
27  Round Rock has established minimum contacts with the forum such that the exercise of

jurisdiction over Round Rock will not offend traditional notions of fair play and substantial justice.

13. Upon information and belief, in pursuit of its licensing campaign Round Rock conducts business throughout the United States, and actively transacts business in this judicial district in particular, including by attempting to license its patent portfolio.

14. The Court has specific jurisdiction over Round Rock because the cause of action arises directly from Round Rock's contacts with California. Round Rock contacted Plaintiff ACI, a California corporation, by sending a demand letter directed to ACI's Fremont, CA office on or about March 30, 2011. The March 30, 2011 demand letter asserted that "[a] number of ASUSTeK products incorporate and use features and functionality covered by various Round Rock patents" and "ASUSTeK therefore infringes these patents, either directly or indirectly." In the March 30, 2011 letter, Round Rock appointed IPVALUE Management, Inc. ("IPValue"), a company that actively conducts business in California, as "its agent to commercialize Round Rock's patents and other intellectual property rights worldwide." Upon information and belief, Round Rock's Vice President of Licensing, Mr. Gerard A. deBlasi, has been serving as the Executive Vice President at IPValue from 2005 to 2011 and he currently serves on IPValue's Board of Directors.

15. Round Rock's agent IPValue contacted ACI again on or about April 11, 2011 by sending a letter directed to ACI's Fremont, CA office. The April 11, 2011 letter affirmed that "IPVALUE Management, Inc. has been appointed by RRR [Round Rock Research] as its agent to license the RRR patents" and asked to schedule a meeting with ACI to discuss these patents.

16. The Court has general jurisdiction over Round Rock because it has continuous and systematic contacts with California. Besides its contact with ACI in California, upon information and belief, Round Rock availed itself to the jurisdiction of this Court by having its agents and representatives Mr. Andrew Wu, Mr. Jui Min Lim, and Mr. Paul Riley travel to SanDisk Corporation's headquarters in Milpitas, California for license negotiations on October 27, 2011. Upon information and belief, Messrs. Wu and Lim are employees of IPValue's Mountain View, California office and Mr. Riley is an employee of IPValue's New Jersey office.

17. Upon information and belief, Round Rock's licensing agent IPValue maintains an office in Mountain View, California and employs at least four licensing executives in its California office. Upon information and belief, IPValue has been doing business in California by actively soliciting patent licenses on Round Rock's behalf from companies located in California.

18. Upon information and belief and according to Round Rock's website, Round Rock claims to have granted licenses or covenants not to sue to Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG. Upon information and belief, Apple is a California corporation with its headquarters located at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Round Rock's employees or agents have traveled to Apple, Inc.'s headquarters in Cupertino, California one or more times during license negotiations. Upon further information and belief, Round Rock's licensees Sony, Micron, Samsung, Nokia, HTC, IBM, and LG all conduct business in California and in this judicial district in particular.

19. The Court has personal jurisdiction over AMI and Samsung (collectively "Suppliers") because, among other things, Suppliers have submitted themselves to the jurisdiction of this Court pursuant to their respective contracts with ASUSTeK. Suppliers also have established minimum contacts with the forum such that the exercise of jurisdiction over them will not offend traditional notions of fair play and substantial justice. Specifically, Suppliers have placed products that allegedly practice the patents-in-suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products, *e.g.*, ACI, were located within this judicial district.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

21. This action involves U.S. Patent Nos. 5,255,109, titled "Heat Dissipating LCD Display," ("the '109 patent") (attached as Exhibit A); 5,787,174, titled "Remote Identification of Integrated Circuit," ("the '174 patent") (attached as Exhibit B); 5,938,764, titled "Apparatus for Improved Storage of Computer System configuration Information," ("the '764 patent") (attached as Exhibit C); 5,991,843, titled "Method and System for Concurrent Computer Transaction Processing," ("the '843 patent") (attached as Exhibit D); 6,002,613, titled "Data Communication

for Memory," ("the '613 patent") (attached as Exhibit E); 7,101,727, titled "Passivation Planarization," ("the '727 patent") (attached as Exhibit F); 7,138,823, titled "Apparatus and Method for Independent Control of On-Die Termination for Output Buffers of a Memory Device," ("the '823 patent") (attached as Exhibit G); 7,285,979, titled "Apparatus and Method for Independent Control of On-Die Termination for Output Buffers of a Memory Device," ("the '979 patent") (attached as Exhibit H); 7,389,369, titled "Active Termination Control," ("the '369 patent") (attached as Exhibit I); and U.S. Patent No. 7,336,531, titled "Multiple Level Cell Memory Device with Single Bit Per Cell, Re-Mappable Memory Block," ("the '531 patent") (attached as Exhibit J) (collectively "the patents-in-suit").

22. Plaintiffs sell a variety of system-level consumer electronics products in the U.S., including desktop computers, notebook computers, tablet PCs, LCD monitors, and cell phones. The components of these system-level products were supplied to Plaintiffs by various companies, including AMI and Samsung.

23. Upon information and belief, Round Rock's patent portfolio was acquired in 2009 from Micron Technology, Inc. ("Micron"), a semiconductor component manufacturer. Upon information and belief, Round Rock's patent portfolio is focused on component-level technologies, such as semiconductor processing, DRAM, computers, microprocessors, packaging, flash, battery, and power management, which is different from Plaintiffs' main business of making and selling system-level consumer electronics products. Upon further information and belief, in 2010 Round Rock began a campaign to license its mostly component-level patent portfolio, not targeting the primarily responsible component manufacturers, but rather targeting the buyers/customers of those components, such as Plaintiffs.

24. Upon information and belief, in execution of its campaign, Round Rock wrote a letter on or about March 30, 2011 to ASUSTeK in Taiwan and ACI in Fremont, California, asserting that Plaintiffs' certain products "incorporate and use features and functionality covered by various Round Rock patents." The March 30, 2011 letter contained a table which listed, among other things, four of the patents-in-suit. Upon information and belief, most of the patents

1  listed in the March 30, 2011 letter concern component-level products provided to Plaintiffs by
2  suppliers rather than Plaintiffs' system-level products.
3      25.    Plaintiffs were without knowledge of any of the patents listed in the March 30,
4  2011 letter prior to receiving the letter.
5      26.    On or about April 14, 2011, Mr. Paul Riley of IPValue wrote another letter to
6  ASUSTeK in Taiwan and ACI in Fremont, California, asking to schedule a meeting with
7  Plaintiffs to discuss the Round Rock patents.
8      27.    Upon information and belief, Round Rock met with ASUSTeK on or about June 9,
9  2011, at ASUSTeK's principal place of business in Taipei, Taiwan to discuss the purported value
10 of Round Rock's portfolio of patents and pending applications. Upon information and belief,
11 during the June 9, 2011 meeting, Round Rock demanded licensing and royalty payments from
12 ASUSTeK that were not fair and reasonable, including because Round Rock's portfolio is more
13 related to component suppliers than ASUSTeK's core business of consumer electronics products.
14     28.    Plaintiffs were without knowledge of any of the additional patents presented in the
15 June 9, 2011 meeting prior to attending the meeting.
16     29.    Upon information and belief, in execution of the campaign to license its mostly
17 component-level patent portfolio, on October 14, 2011, Round Rock sued ACI and ASUSTeK in
18 the U.S. District Court for the District of Delaware (Civil Action No. 1:11cv978) ("Delaware
19 Action") claiming that one or more claims of the '109 patent, the '174 patent, the '764 patent, the
20 '843 patent, the '613 patent, the '727 patent, the '823 patent, the '979 patent, and the '369 patent
21 are being infringed by certain of Plaintiffs' products and/or activities.
22     30.    Upon information and belief, in further execution of this campaign, on October 14,
23 2011, Round Rock also sued Dell, Inc., another system-level product manufacturer and seller, in
24 the U.S. District Court for the District of Delaware (Civil Action No. 1:11cv976) asserting the
25 same patents as in the Delaware Action against Plaintiffs.
26     31.    On December 6, 2011, Round Rock amended its complaint against Plaintiffs in the
27 Delaware Action and added an additional U.S. patent to its infringement contentions, U.S. Patent
28

No. 7,336,531 ("the '531 patent"), claiming that one or more claims of the '531 patent are being infringed by certain of Plaintiffs' products and/or activities.

32. Upon information and belief, Round Rock's theory of infringement in the Delaware Action implicates components supplied to Plaintiffs by, among others, Samsung and AMI. For example, Count III of Round Rock's infringement contention accuses "products that store basic input/output system (BIOS) instructions in non-volatile memory as claimed in the '764 Patent," focusing on the BIOS components supplied by AMI. In another example, Count V of Round Rock's infringement contention accuses "products containing Double Data Rate (DDR) memory," focusing on the memory components supplied by Samsung.

33. Therefore, upon information and belief, the asserted patents are focused on specific components supplied to Plaintiffs by suppliers or a substantial portion of the claimed inventions is allegedly being infringed by such components. Because Plaintiffs design, manufacture, and sell system-level consumer electronic products, not the allegedly infringing components, Plaintiffs' suppliers are the real parties-in-interest for the Delaware Action and the present action.

34. Upon information and belief, Micron, the original owner of Round Rock's patent portfolio, has a history of licensing its patents to component-level manufacturers. Upon information and belief, Micron has licensed its patent portfolio to SanDisk on or about December 20, 2002.

35. Upon information and belief and according to Round Rock's own website, Round Rock has licensed its patent portfolio to, among others, Samsung and Micron, both of them are component suppliers of Plaintiffs'. Therefore, the patents-in-suit are unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to Plaintiffs by suppliers who have an express or implied license to one or more of the patents-in-suit, and/or unenforceable under the doctrine of patent exhaustion.

36. Plaintiffs contend that they have the right to make, use, sell, and/or offer to sell their products and services in the United States, or import them into the United States unhampered by Round Rock. Plaintiffs deny that their products infringe any valid claim of the

patents-in-suit. Plaintiffs also contend that the patents-in-suit are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, sections 102, 103 and 112, and unenforceable due to express or implied licenses and/or patent exhaustion. Plaintiffs thus seek a declaration that it does not infringe the patents-in-suit, that the patents-in-suit are invalid, and/or that the patents-in-suit are unenforceable.

37. Upon information and belief, Defendants AMI and Samsung each has a duty to defend and/or indemnify ASUSTeK for all the claims, costs, and/or damages arising under the patents-in-suit pursuant to Cal. Civ. Code § 2778, Cal. Com. Code §§ 2607 and 2312, UCC § 2-312, and their respective contracts with ASUSTeK.

38. AMI has a Software License Agreement ("SLA") with ASUSTeK dated October 1, 2010. Pursuant to the SLA, AMI has a duty to indemnify, defend, and hold ASUSTeK harmless against all third-party claims or actions, and any liabilities, losses, expenses, damages and costs, including, but not limited to, reasonable attorneys' fees, arising out of any claim relating to the SLA.

39. On or about November 9, 2011, ASUSTeK sent an email notifying AMI that ASUSTeK "has been sued of infringing patent owned by Round Rock." Specifically, the November 9, 2011 email informed AMI that "the BIOS purchased by ASUS from your company have . . . been sued of infringing the United States patent number 5938764."

40. Upon information and belief, AMI was a merchant who regularly dealt in software products and services at all relevant times. ASUSTeK has not furnished any specifications to AMI for products covered by the SLA.

41. Samsung has an Indemnification Agreement ("IA") with ASUSTeK dated December 18, 2008. Pursuant to the IA, Samsung has a duty to indemnify and hold ASUSTeK, its affiliates and their officers, directors, employees, successors, and assigns harmless from and against any losses, damages, claims, demands, suits, liabilities, and expenses, including reasonable attorneys' fees and court costs, arising out of or resulting from any alleged or actual infringement of any patent or any other intellectual property right of any third party in connection

1  with ASUSTeK's purchase, use, distribute, dispose, and/or resale of Samsung products provided
2  by Samsung to ASUSTeK.

3  42.   On or about December 7, 2011, ASUSTeK sent an email notifying Samsung that
4  "ASUS has been sued of infringing patents owned by Round Rock for DRAM memory in the
5  United States District Court of Delaware." Specifically, the December 7, 2011 email informed
6  Samsung that "the DRAM memory purchased by ASUS from your company have . . . been sued
7  of infringing the United States patent number 6002613, 7138823, 7285979, 7336531, 7389369."

8  43.   Upon information and belief, Samsung was a merchant who regularly dealt in
9  memory products at all relevant times. ASUSTeK has not furnished any specifications to
10 Samsung for products covered by the IA.

## INTRADISTRICT ASSIGNMENT

12 44.   This action for a declaratory judgment of non-infringement, invalidity and
13 unenforceability of patents is assigned on a district-wide basis under Civil L.R. 3-2(c).

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Non-Infringement of the Patents-in-Suit

16 45.   Plaintiffs incorporate herein the allegations of paragraphs 1-44.

17 46.   An actual and justiciable controversy exists between Plaintiffs and Round Rock as
18 to the non-infringement of the patents-in-suit, as set forth above.

19 47.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,
20 Plaintiffs request the declaration of the Court that Plaintiffs do not infringe and have not
21 infringed, either literally or under the doctrine of equivalents and either directly or indirectly, any
22 valid claim of the patents-in-suit.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity of the Patents-in-Suit

25 48.   Plaintiffs incorporate herein the allegations of paragraphs 1-47.

26 49.   An actual and justiciable controversy exists between Plaintiffs and Round Rock as
27 to the invalidity of the patents-in-suit, as set forth above.

28

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request the declaration of the Court that the patents-in-suit are invalid under the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, sections 102, 103, and 112.

### THIRD CLAIM FOR RELIEF

**Declaratory Relief Regarding Unenforceability of the Patents-in-Suit**

**License/Exhaustion**

51. Plaintiffs incorporate herein the allegations of paragraphs 1-50.

52. An actual and justiciable controversy exists between Plaintiffs and Round Rock as to the unenforceability of the patents-in-suit in this action and the Delaware Action, as set forth above.

53. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request the declaration of the Court that one or more of the patents-in-suit is unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to Plaintiffs by suppliers who have or had express licenses to one or more of the patents-in-suit.

54. Plaintiffs further request the declaration of the Court that the patents-in-suit are unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to Plaintiffs by suppliers who have implied licenses to one or more of the patents-in-suit.

55. Plaintiffs further request the declaration of the Court that one or more of the patents-in-suit are unenforceable under the doctrine of patent exhaustion.

### FOURTH CLAIM FOR RELIEF

**Indemnification**

56. Plaintiffs incorporate herein the allegations of paragraphs 1-55.

57. Pursuant to AMI and Samsung's respective contract with ASUSTeK, Cal. Civ. Code § 2778, Cal. Com. Code §§ 2607 and 2312, and/or UCC § 2-312, Plaintiffs request AMI and Samsung to indemnify Plaintiffs for all claims, costs, damages, and attorney fees, if any, arising under the patents-in-suit in this action and the Delaware Action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court enter declaratory judgment as follows:

(1) That Plaintiffs do not infringe and have not infringed, directly or indirectly, literally or under the Doctrine of Equivalents, any valid claim of the '109, '174, '764, '843, '613, '727, '823, '979, '369, and '531 patent;

(2) That the '109, '174, '764, '843, '613, '727, '823, '979, '369, and '531 patent are invalid;

(3) That the '109, '174, '764, '843, '613, '727, '823, '979, '369, and '531 patent are unenforceable;

(4) That Round Rock, and all persons acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the '109, '174, '764, '843, '613, '727, '823, '979, '369, and '531 patent is/are infringed by Plaintiffs or any of Plaintiffs' products, whether directly or indirectly, literally or under the Doctrine of Equivalents;

(5) That Plaintiffs be indemnified by the Suppliers for all the damages, costs, and attorney fees, if any, in this action and the Delaware Action;

(6) That Plaintiffs be awarded its costs, expenses, and reasonable attorney fees in this action; and

(7) That Plaintiffs be awarded such other and further relief as the Court may deem appropriate.

78864-0001/LEGAL22374122.1

## DEMAND FOR JURY TRIAL

ASUSTeK Computer Inc. and ASUS Computer International, Inc. demand a trial by jury on all issues triable by a jury.

DATED: December 23, 2011

*[signature]*

JSchnurer@perkinscoie.com
**Perkins Coie LLP**
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiffs

78864-0001/LEGAL22374122.1