BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94104
Tel: 415-813-6210
Fax: 415-813-6222

DESMARAIS LLP
Paul A. Bondor (admitted *pro hac vice*)
pbondor@desmaraisllp.com
Jonas R. McDavit (admitted *pro hac vice*)
jmcdavit@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Tel: 212-351-3400
Fax: 212-351-3401

*Attorneys for Defendant*
*Round Rock Research LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

ASUSTEK COMPUTER INC., and ASUS COMPUTER INTERNATIONAL, INC,

Plaintiffs,

v.

ROUND ROCK RESEARCH, LLC, AMERICAN MEGATRENDS INC., and SAMSUNG ELECTRONICS CO., LTD.

Defendants.

Case No. 4:11-cv-6636-CW

**ROUND ROCK RESEARCH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARTORY JUDGMENT OR, IN THE ALTERATIVE, TO TRANSFER**

Date: April 26, 2012
Time: 2:00 pm
Judge: Hon. Claudia Wilken
Courtroom #2, 4th Floor

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

III. ROUND ROCK IS NOT SUBJECT TO GENERAL PERSONAL JURISDICTION IN CALIFORNIA. ..... 3

IV. ROUND ROCK IS NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION ..... 4

A. Legal Standards ..... 4

B. Round Rock's Contacts With Plaintiffs In California Do Not Support The Exercise Of Specific Personal Jurisdiction. ..... 5

C. Round Rock's Alleged Other Activities Do Not Support Specific Personal Jurisdiction. ..... 6

1. Round Rock's Other Contact With Plaintiffs Did Not Occur In California And Was Not Directed At This Forum. ..... 6

2. Plaintiffs' Claims Do Not Arise From Round Rock's Efforts To License Its Patent Portfolio To Other Entities. ..... 7

3. Asserting Personal Jurisdiction Over Round Rock Is Neither Reasonable Nor Fair Under These Circumstances. ..... 9

V. THE COURT SHOULD DISMISS THIS ACTION UNDER THE FIRST TO FILE RULE ..... 9

A. No Recognized First-To-File Exception Applies. ..... 10

B. Plaintiffs' Alleged Contract Claims Do Not Affect The First-to-File Analysis ..... 11

VI. THE DISTRICT OF DELAWARE IS THE MOST CONVENIENT FORUM FOR THIS ACTION. ..... 13

VII. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Cases**

*A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384 (9th Cir. 1974)........ 15

*ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:11-cv-192-EJD, 2011WL 6845791 (N.D. Cal. Dec. 29, 2011)........ 8

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009)........ 5, 8, 9

*Autonomy, Inc. v. Adiscov, LLC*, No. 11-cv-420-SBA, 2011 WL 2175551 (N.D. Cal. Jun. 3, 2011)........ 7

*Avocent Huntsville Corp. v. Aten Int'l. Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2009) ...... 4, 5, 7, 8

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006)........ 4, 7

*Calder v. Jones*, 465 U.S. 783 (1984)........ 7

*Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19 (1960)........ 15

*Elecs. for Imaging v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003)........ 6

*Gilbert v. Wells Fargo Bank, N.A.*, No. 11-cv-2856-CW, 2011 WL 5118531 (N.D. Cal. Oct. 28, 2011)........ 16

*Girafa.com, Inc. v. Alexa Internet, Inc.*, No. 08-cv-2745-RMW, 2008 WL 4500858 (N.D. Cal. Oct. 6, 2008)........ 12

*Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, No. 07-cv-63-CW, 2007 WL 1150787 (N.D. Cal. Apr. 18, 2007)........ 11, 12

*Juniper Networks, Inc. v. SSL Servs., LLC*, No. 08-cv-5758-SBA, 2009 WL 3837266 (N.D. Cal. Nov.16, 2009)........ 8

*Kahn v. Gen. Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989)........ 11

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990)........ 11, 13

*Lab. Corp. of Am. Holdings v. Metabolife Labs., Inc.*, 599 F.3d 1277 (Fed. Cir. 2010)........ 14

*Martin v. Geltech Solutions, Inc.*, No. 5:09-cv-4884-CW, 2010 WL 2287476 (N.D. Cal. Jun. 4, 2010)........ 10

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)........ 14

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982).................................... 12

*Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, No. 07-cv-2112-MHP, 2007 WL 4357602 (N.D. Cal. Dec. 11, 2007)........................................................................................ 14

*Picturewall Co., Inc. v. Rice*, No. 09-cv-5442-PJH, 2010 WL 1753209 (N.D. Cal. Apr. 29, 2010)........................................................................................................ 5

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011)........................................................................................................ 14

*Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785 (Fed. Cir. 2011).................................... 4, 8

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998)........................................................................................................ 5, 6, 10

*Smugmug, Inc. v. Virtual Photo Store LLC*, No. 4:09-cv-2255-CW, 2009 WL 3833969 (N.D. Cal. Nov. 16, 2009)........................................................... 4, 5, 9, 10

*Wood v. Best Buy Inc.*, No. 11-cv-1877-SC, 2011 WL 3740812 (N.D. Cal. Aug. 25, 2011)........................................................................................................ 15

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663 (N.D. Cal. 2003).......................... 10

## I. INTRODUCTION

As described in its opening brief and as conceded by plaintiffs, this Court does not have general personal jurisdiction over Round Rock. As such, the only jurisdictional issue before this Court is whether Round Rock is subject to specific personal jurisdiction as a result of its two letters to plaintiff ASUS Computer International (ACI) in California. But, under Federal Circuit law, those contacts do not support specific personal jurisdiction over Round Rock.

In addition, though, plaintiffs' opposition confirms that this action is a later-filed, mirror-image of Round Rock's patent infringement litigation with plaintiffs in the District of Delaware. Virtually identical personal jurisdiction, venue, and transfer issues have already been briefed to that Court and will be argued at a April 4, 2012 hearing. Accordingly, the well-established principles of judicial comity between federal district courts require that the Court dismiss this action under the first-to-file rule, or, at the very least, stay this action to allow the Delaware Court to decide these issues.

Moreover, plaintiffs ignore the significant, duplicate expenditure of party and judicial resources that will be—and have already been—required by this later-filed, unnecessary lawsuit. As has been established in both this Court and in other District Courts nationwide, the conservation of scarce judicial resources is a primary factor in deciding which venue is most appropriate for an action. Whatever plaintiffs assert in an attempt to minimize this factor, they cannot dispute that the same patents at issue here will be litigated in Delaware in three other suits ***also pending*** before the same judge and involving overlapping, if not identical, issues of infringement and invalidity. Plaintiffs' contention that California is substantially more convenient than Delaware should be rejected.

## II. BACKGROUND

The factual background of the dispute is fully set forth in Round Rock's opening memorandum in support of its motion to dismiss. (D.I. 12 at 2-5.) Plaintiffs do not dispute those facts in any salient aspect. Specifically, they do not dispute that Round Rock is a

Delaware corporation without offices, employees, bank accounts, or any other physical presence in California; that it has never been licensed to do business in California; and that Round Rock never met plaintiffs in their California offices. (*See* D.I. 13, deBlasi Decl. ¶¶ 3-4, 12-13.) They admit that Round Rock's only contacts with the plaintiffs that have any arguable connection to California were two letters sent simultaneously to ASUSTeK in Taiwan and ACI in California, apprising them of Round Rock's patent portfolio. (D.I. 1 ¶¶ 14-15; D.I. 15 Exs. A, B.) And plaintiffs concede—as they must—that the Delaware Action involves the same patents, essential parties, and infringement issues. (D.I. 1 ¶ 29, 31; D.I. 29 at 16.)

Since Round Rock filed its motion, the Delaware Action against plaintiffs[1] and the Related Delaware Actions against several of plaintiffs' competitors[2] have progressed. In the Related Delaware Actions, the Court has ordered a scheduling conference for March 5, 2012 involving defendants from all three suits so the Court may resolve parallel scheduling issues at one time. (Exs. E, F, G.)[3] In the Delaware Action against plaintiffs, the Court scheduled a hearing for April 6, 2012 for oral argument on plaintiffs' parallel motion to dismiss and transfer that action. (Ex. H.)

The patents-in-suit are at issue in the four Delaware Actions.[4] Those actions—and this one, should it go forward—concern plaintiffs' and plaintiffs' competitors' infringing computer systems. Yet it appears that plaintiffs misapprehend the scope of Round Rock's claims and their infringement; contrary to their statement of "procedural facts," this case is not

---

1 *Round Rock Research, LLC v. ASUSTeK Comp. Inc.*, No. 11-cv-978-RGA (D. Del.) (the "Delaware Action").

2 *Round Rock Research, LLC v. Dell Inc.*, No. 11-cv-976-RGA (D. Del.); *Round Rock Research, LLC v. Acer Inc.*, No. 11-cv-977-RGA (D. Del.); *Round Rock Research, LLC v. Lenovo Group Ltd.*, No. 11-cv-1011-RGA (D. Del.) (collectively, the "Related Delaware Actions").

3 Unless stated otherwise, all exhibits cited are exhibits to the Declaration of Jonas R. McDavit filed with this memorandum.

4 The patents-in-suit are exhibits A-J to plaintiffs complaint. (D.I. 1.)

about plaintiffs' suppliers, nor are plaintiffs' suppliers the "real parties in interest" to this lawsuit or to the Delaware Action. (D.I. 29 at 3.)

Indeed, the patents-in-suit cover a wide variety of features and technologies contained in plaintiffs' computer products. As such, Round Rock asserts that the entirety of plaintiffs' computer products infringe the patents-in-suit—not any individual component. For example, the patents-in-suit describe and claim inventions that are found in plaintiffs' liquid-crystal displays (D.I. 1, Ex A); short-range, radio frequency communications, e.g., Bluetooth (*id*. Ex. B); computer data transactions with universal serial bus (USB) peripheral devices (*id*. Ex. D); microprocessor communications with computer memory (*id*. Exs. E, I); computer basic input/output system (BIOS) instructions (*id*. Ex. C); computer cameras (*id.* Ex. F); and computer memory modules (*id*. Exs. G, H, J). The accused products in the Delaware actions infringe the respective patents-in-suit because they practice the same industry standards.

Because those patents concern various computer sub-systems and the integration of those sub-systems into the computer as a whole, Round Rock's infringement allegations are broader than any one component and, accordingly, are not properly limited to some supplier of plaintiffs' choosing.[5] And because the Delaware Actions concern overlapping issues of validity, claim construction, and standards-based infringement, those issues are best concentrated in front of the same judge in Delaware, the forum for all four first-filed and co-pending actions.

## III. ROUND ROCK IS NOT SUBJECT TO GENERAL PERSONAL JURISDICTION IN CALIFORNIA.

[5] Relatedly, plaintiffs' allege that contracts with defendants Samsung Electronics (Samsung) and American Megatrends (AMI) obligate those entities to defend and indemnify plaintiffs for their infringement of five of the eight patents-in-suit. As discussed in detail below, its state law indemnification claims do not govern the appropriate forum of Round Rock's infringement action against ***plaintiffs***. It does not appear that plaintiffs have served either Samsung or AMI with the complaint, nor have plaintiffs supplied the alleged contracts, nor have they sought to bring any such parties into the Delaware Action. Nor do plaintiffs address their infringement as to the other five patents-in-suit.

Plaintiffs do not contest (and thus concede) that Round Rock is not subject to general personal jurisdiction in California. Accordingly, the Court should find that no such jurisdiction exists, and grant Round Rock's motion in that respect.

## IV. ROUND ROCK IS NOT SUBJECT TO SPECIFIC PERSONAL JURISDICTION

Specific personal jurisdiction exists only where a plaintiff's alleged claims arise out of a defendant's contacts with the forum. Round Rock's sole contact with California entity ACI are the two letters sent simultaneously to ACI's California headquarters and to its parent ASUSTeK in Taiwan. Because those contacts cannot confer specific jurisdiction as a matter of law and because plaintiffs cannot demonstrate any other cognizable conduct in the forum that give rise to its claims, Round Rock is not subject to specific personal jurisdiction here.

### A. Legal Standards

In a declaratory judgment action for non-infringement and/or invalidity, the relevant jurisdictional inquiry is the extent to which the defendant patentee purposefully directed enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (citing *Avocent Huntsville Corp. v. Aten Int'l. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009)); *Smugmug, Inc. v. Virtual Photo Store LLC*, No. 4:09-cv-2255-CW, 2009 WL 3833969, at *3 (N.D. Cal. Nov. 16, 2009). Plaintiffs must also demonstrate that the assertion of specific personal jurisdiction "is reasonable and fair." *Id.* (citing *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)). Only the patentee's activities that "***relate to the enforcement or defense of the patent*** can give rise to specific personal jurisdiction." *Id.* (emphasis added). A patentee informing others of its intellectual property rights—such as occurred here—does not subject the patentee to personal jurisdiction for a declaratory judgment action in that forum. *See, e.g.*, *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998); *Picturewall Co., Inc. v. Rice*, No. 09-cv-5442-PJH, 2010 WL 1753209, at *2 (N.D. Cal. Apr.

29, 2010) ("Federal Circuit precedent is clear on this issue. For 'policy considerations ... letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction.'" (citing *Avocent*, 552 F.3d at 1332))).

**B. Round Rock's Contacts With Plaintiffs In California Do Not Support The Exercise Of Specific Personal Jurisdiction.**

Round Rock's two notice letters sent simultaneously to plaintiffs' Taiwan and California headquarters cannot be the basis for specific personal jurisdiction in California. Well-established law confirms that letters apprising a corporation of infringement cannot subject a patentee to specific personal jurisdiction in the recipient's forum. *See e.g., Red Wing Shoe*, 148 F.3d at 1360-61; *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009) (no personal jurisdiction despite sending assertion letters to the alleged infringer in California followed by a personal meeting in California regarding the assertion); *Smugmug*, 2009 WL 3833969, at *3. Instead, in order to support specific jurisdiction, "there must be 'other activities' directed at the forum ***and related to the cause of action*** besides the letters threatening an infringement suit." *Avocent*, 552 F.3d at 1333 (citation omitted) (emphasis in original). Plaintiffs concede, as they must, that Round Rock's only arguable California-related activity consisted of its March 30, 2011 initial notice letter and the April 14, 2011 follow-up letter from Paul Riley, a New Jersey-based executive of its limited agent, IPValue. (D.I. 29 at 4; D.I. 15, Exs. A-B.)[6] From first principles, those contacts, "without more," cannot subject Round Rock to specific personal jurisdiction in California. *Red Wing Shoe*, 148 F.3d at 1361; *see Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1361 (Fed. Cir. 2003) ("[M]ere threats of infringement directed at the forum state are not sufficient to satisfy due process requirements when exercising jurisdiction over an out-of-state patentee.... Rather, 'other activities' distinct from threats of infringement are required for a patentee to be subject to personal jurisdiction in the forum.")

---

[6] Both of those letters were also addressed and sent directly to ASUSTeK in Taiwan.

### C. Round Rock's Alleged Other Activities Do Not Support Specific Personal Jurisdiction.

Cognizant that they must demonstrate additional contacts in California, plaintiffs argue that various other Round Rock activities support a finding of specific personal jurisdiction: specifically: (1) Round Rock's licensing activities as to other, non ASUS-entities in California; (2) filing suit in Delaware against ASUS's competitors on the same patents-in-suit; (3) Round Rock's negotiations with ASUSTeK in Taiwan; and (4) hiring a limited agent for licensing that happens to have a California office. But none of those activities supports specific personal jurisdiction because they are either not directed at California, not directed at plaintiffs, or both. Consequently, plaintiffs have not shown any additional required activity towards plaintiffs in California that might support a finding of specific personal jurisdiction. And contrary to plaintiffs' unsupported assertion, exercising specific personal jurisdiction in these circumstances would be neither reasonable nor fair.

#### 1. Round Rock's Other Contact With Plaintiffs Did Not Occur In California And Was Not Directed At This Forum.

Plaintiffs urge this Court to find jurisdiction over Round Rock for its actions that were not purposefully directed at California. But such external activities do not support specific personal jurisdiction. *See Breckenridge*, 444 F.3d 1363-4 ("[T]he crux of the due process inquiry should focus first on whether the defendant has had contact with parties ***in the forum state*** beyond the sending of cease and desist letters or mere attempts to license the patent at issue there.") (emphasis added). As Round Rock demonstrated in its opening brief, and as plaintiffs concede, all substantive negotiations between Round Rock and plaintiffs took place in Taiwan and with Taiwanese executives. (D.I. 13, deBlasi Decl. ¶¶ 12-16, D.I. 14, Riley Decl. ¶¶ 8-13; D.I. 29 at 6). Indeed, even after filing this declaratory judgment action, plaintiffs' executives in Taiwan continue to take the sole lead in negotiating with Round

Rock.[7] (D.I. 13 ¶ 16; deBlasi Supp. Decl. ¶¶ 3-4.) Plaintiffs simply ignore those crucial, real-world facts, and instead seek to manufacture specific jurisdiction with attorney argument.

Plaintiffs also assert that Round Rock's Delaware suits against it and its competitors provide specific personal jurisdiction. But that is contrary to settled law; "patent litigation commenced outside [California] is not probative of purposeful availment [of this forum]" *Autonomy, Inc. v. Adiscov, LLC*, No. 11-cv-420-SBA, 2011 WL 2175551, at *4 (N.D. Cal. Jun. 3, 2011) (citing *Juniper Networks, Inc. v. SSL Servs., LLC*, No. 08-cv-5758-SBA, 2009 WL 3837266 (N.D. Cal. Nov.16, 2009). Round Rock ***did sue*** plaintiffs—in Delaware—on the same day it also sued its competitors in Delaware. If plaintiffs wish to fight those infringement claims, they should do so there.[8]

**2. Plaintiffs' Claims Do Not Arise From Round Rock's Efforts To License Its Patent Portfolio To Other Entities.**

Plaintiffs also contend that Round Rock's licensing activities in California may give rise to specific personal jurisdiction for this case. Specifically, they argue that Round Rock has licensed ***other*** California companies, has brought suit against ***other*** California companies, and has hired an agent with offices in California. However, for specific personal jurisdiction to exist ***plaintiffs'*** claims must arise from or relate to those separate Round Rock activities.

---

[7] Plaintiffs concede the close relationship between ASUSTeK and ACI, asserting that "the effects of targeting ASUSTeK Taiwan would still be felt in the Northern District of California" because any suit against ASUSTeK would affect its wholly-owned US subsidiary, ACI. (D.I. 29 at 5-6.) But, as established law confirms, the key for specific personal jurisdiction focuses on Round Rock's activities, not ACI's location. *See, e.g.*, *Avocent*, 552 F.3d at 1333 (recognizing that specific personal jurisdiction analysis "focuses on the relationship among the defendant, the forum, and the litigation"—not the location of the plaintiff) (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984).

[8] *ASUSTeK Computer Inc. v. AFTG-TG LLC* (No. 5:11-cv-192-EJD, 2011WL 6845791 (N.D. Cal. Dec. 29, 2011)) is inapposite and does not stand for the illogical proposition that that specific personal jurisdiction in this forum would arise from an active, co-pending, first-filed litigation in another forum. *See Juniper Networks*, 2009 WL 3837266, at *4. In *ASUSTeK*, the Court allowed the later-filed California action to proceed because the first-filed action had been dismissed. Here, the Delaware Action is ongoing with the same issues pending before that Court.

*Radio Sys.*, 638 F.3d at 789. None of those Round Rock activities relate to plaintiffs' claims here.

First, plaintiffs offer no authority to support its claim that its non-exclusive patent licenses with ***other*** California residents support specific personal jurisdiction for this case. (D.I. 29 at 7.) Indeed, that argument has been considered and rejected by the Federal Circuit and this Court. *See Avocent*, 552 F.3d at 1336 (finding that alleged infringers' declaratory judgment claims cannot arise from non-exclusive licenses to others); *Autogenomics*, 566 F.3d at 1021 (finding that eight non-exclusive licenses with forum residents did not support specific personal jurisdiction); *Smugmug*, 2009 WL 3833969, at *2. In *Smugmug*, this Court found that it did not have specific personal jurisdiction over an out-of-state, non-practicing entity even though it had "solicited at least twenty California companies to join its licensing program" and "earned a substantial portion of its revenue from [licensing] California entities." *Smugmug*, 2009 WL 3833969, at *2-4 (citing *Autogenomics*, 566 F.3d at 1020 and *Red Wing Shoe*, 148 F.3d at 1359, 1362). As was the case in *Smugmug*, Round Rock commercializes its patent portfolio by entering into non-exclusive licenses to various entities. (D.I. 13, ¶¶ 5-7.) None of those licenses obligate Round Rock to enforce its patents. Contrary to plaintiffs' arguments, Round Rock's other licensing activity does not support a finding of specific personal jurisdiction here.[9]

Second, the office locations of Round Rock's limited agent, IPValue Management ("IPValue"), are inconsequential to plaintiffs' claims. As explained in its opening brief, IPValue's office sites are of no import to Round Rock: Round Rock hired IPValue for its expertise, not its location. (D.I. 12 at 11-12.) Further, IPValue's activities with regard to this case did not take place in California, but in New Jersey and Taiwan. Plaintiffs do not

---

[9] Nor, in the face of Round Rock's declarations, do plaintiffs require discovery to determine "the extent of such licensing." (D.I. 29 at 7.) *See Autogenomics*, 566 F.3d at 1021-22 (affirming district court's denial of jurisdictional discovery to determine extent of patentee's licenses).

demonstrate that any other activity relating to plaintiffs' claims occurred in California or was directed at this forum.[10] Instead, plaintiffs rely on IPValue's activities involving ***other*** companies, ***different*** patents, and ***unrelated*** accused products. (D.I. 29 at 7.) Plaintiffs' claims do not arise from such activities.

**3. Asserting Personal Jurisdiction Over Round Rock Is Neither Reasonable Nor Fair Under These Circumstances.**

As a matter of patent law policy, "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Red Wing Shoe*, 148 F.3d at 1360–61; *see Smugmug*, 2009 WL 3833969, at *3. Accordingly, it would be unreasonable and unfair to subject Round Rock to specific personal jurisdiction in this forum, given its only cognizable contacts with the plaintiffs here are two letters that are consistent with the established policy of permitting a patentee to notify suspected infringers of its property rights without subjecting itself to jurisdiction in a foreign forum. *See id*.

## V. THE COURT SHOULD DISMISS THIS ACTION UNDER THE FIRST TO FILE RULE

Plaintiffs do not dispute that the threshold first-to-file factors apply to this case, conceding that: (1) the Delaware Action was filed first (*e.g.* D.I. 29 at 2, 10), (2) the same patents are at issue in both actions (*e.g.* D.I. 1, ¶¶ 29, 31.), and (3) both actions include the same

[10] Round Rock recognizes that in another, unrelated case in this District, a Court recently determined that it had specific personal jurisdiction over Round Rock in that case based on activities performed by IPValue under the circumstances of that particular plaintiff in that particular case. *SanDisk Corp. v. Round Rock Research, LLC*, 3:11-cv-5243-RS, slip op. (N.D. Cal. Feb. 16, 2012). In that case, IPValue was found to have sent two letters to the target company, prepared claim charts in California against that company, and scheduled an in-person meeting in California with the undisputed intent to negotiate licensing terms in this state—a meeting that actually took place. (*Id.* at 3, 6, n.3.) Here, in contrast, none of IPValue's activity on Round Rock's behalf took place in California. And indeed the only arguably California-related activity consisted of a single letter to plaintiff ACI's California headquarters. As stated above, that alone cannot confer specific personal jurisdiction. Moreover, all meetings between Round Rock and any ASUS-entity occurred with Taiwanese ASUSTeK executives in Taiwan, not California.

patentee and accused infringers (*Id.*; D.I. 29 at 3.). *See e.g.*, *Martin v. Geltech Solutions, Inc.*, No. 5:09-cv-4884-CW, 2010 WL 2287476, at *1 (N.D. Cal. Jun. 4, 2010) ("In applying the first-to-file rule, a court looks to three threshold factors: '(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues.'") (citing *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)). Undaunted, plaintiffs argue that the Court should nonetheless decline to apply the first-to-file rule. None of plaintiffs' arguments justifies a departure from that rule; instead, the sound policy behind the first-to-file rule refutes each of plaintiffs' arguments.[11]

### A. No Recognized First-To-File Exception Applies.

Plaintiffs (mistakenly) assert that "the real parties in interest here are Plaintiff's suppliers." (D.I. 29 at 10.) As shown above, that bald assertion is incorrect—plaintiff's computer systems infringe the patents in suit apart and separate from any given component. But even if its assertions were true, the first-to-file rule would be no less applicable. Plaintiffs compound their misinterpretation of Round Rock's infringement claims by misapprehending the customer-suit exception to the first-to-file rule. That exception applies where "litigation against or brought by ***the manufacturer of infringing goods*** takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). But that is not the case here. First, plaintiffs are not "simply [] reseller[s]" of the infringing products. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Moreover, this second, declaratory action was not "brought by the manufacturer of the accused goods." *Id.* Instead, this is simply a parallel, later-filed action involving the same patents, same issues, and same essential parties. That plaintiffs also seek to assert state-

---

[11] Even if plaintiffs did allege a recognized first-to-file exception, the court in the first-filed action should decide whether to apply that exception. *Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, No. 07-cv-63-CW, 2007 WL 1150787, at *3 (N.D. Cal. Apr. 18, 2007)

law indemnification claims against one or more of their suppliers does not transform this case into a "customer suit."

Plaintiffs next contend that the Court should disregard the first-to-file rule because plaintiffs are not subject to personal jurisdiction in Delaware. (D.I. 29 at 10.) Of course, that is plaintiffs' contention, not a statement of fact; plaintiffs' hope that they will successfully contest the jurisdiction of the Delaware court is not an exception to the first-to-file rule. And as this Court has recognized time and again, it is the first-filed court that should decide any jurisdictional, venue, and convenience issues. *See, e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) (noting that normally the respective convenience of the two courts should be addressed to the court in the first-filed action; *Martin*, 2010 WL 2287476, at *2 ("Because the Florida court has already determined that no exceptions to the first-to-file rule apply and that venue in the Southern District of Florida is proper…[t]his Court will not re-address the arguments that [the first-filed] declaratory judgment action was anticipatory and filed in bad faith, or that the balance of convenience factor weighs in favor of litigating in Northern California."); *Girafa.com, Inc. v. Alexa Internet, Inc.*, No. 08-cv-2745-RMW, 2008 WL 4500858, at *8 (N.D. Cal. Oct. 6, 2008) ("The analysis to determine which court is more convenient should be performed by the first-filed court."); *Intuitive Surgical*, 2007 WL 1150787, at *3 ("The Court defers to the Eastern District of Texas to decide the appropriate forum and whether an exception to the first-to-file rule is applicable."). Accordingly, the first-filed Delaware court—to whom the parties have already briefed these issues—should (and will) decide whether it has personal jurisdiction over plaintiffs, whether Delaware is the most convenient venue for this action, and whether any exception to the first-to-file rule should apply.

### B. Plaintiffs' Alleged Contract Claims Do Not Affect The First-to-File Analysis.

Seeking cover in their own contracts, plaintiffs assert that this Court is the only forum that has jurisdiction over it and its state-law claims against alleged indemnitors, Samsung and AMI. But plaintiffs' contract claims against two alleged indemnitors cannot trump Round Rock's independent, first-filed patent infringement action against plaintiffs. *Katz v. Lear*

*Siegler*, a case on which plaintiffs rely, in fact illustrates that plaintiffs' alleged state-law indemnification contract claims may proceed completely independent of this patent infringement case. In *Katz*, the Federal Circuit overturned a lower court injunction of a contract action between the patentee and the accused infringers proceeding in a separate federal district court. *Katz*, 909 F.2d at 1463-64. The *Katz* Court recognized that the district court's injunction was improper because the contract action could proceed independently and did not implicate the patentee's infringement claims:

> [The patentee] states that the matter in dispute with ASP in New York is substantially independent of that in the Massachusetts action. ***The New York action against ASP relates solely to the license agreement entered into between ASP and inventor Theodore.*** ... No issue of patent infringement arises in this action.
>
> …
>
> The subject matter of the New York suit is a contract between Theodore and ASP, a contract whose provenance, performance, and disposition are all at issue in that suit, and apparently not at issue in the Massachusetts action. While the parties to the ASP (New York) action are now before the Massachusetts court, ***the record before us does not show potential resolution of the various issues including the asserted breaches and the various charges of fraud, negligence, and misrepresentation.*** No sufficient reason has been shown for delaying resolution of these matters between [patentee] and ASP.

*Id.* (emphasis added).

Accordingly, whatever contractual remedy plaintiffs might be able to pursue for their infringement of Round Rock's patents are independent of Round Rock's infringement claims against plaintiffs. Some third party may be obliged to indemnify plaintiffs' for their infringement here. But that contractual obligation—or a dispute over it, if it is disputed—does not share the issues of plaintiffs' infringement here, and the damages to Round Rock arising from that infringement. Those contract issues can be decided, as happened in *Katz*, in a different forum without Round Rock's involvement. Resolution of those claims will not dispose of (or have any effect on) Round Rock's infringement case. *See Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, No. 07-cv-2112-MHP, 2007 WL 4357602, at *4 (N.D. Cal. Dec. 11,

2007) (recognizing that an accused infringer's breach of contract claims was a separate action from the underlying patent infringement action and could have been brought in a different forum); *cf. Lab. Corp. of Am. Holdings v. Metabolife Labs., Inc.*, 599 F.3d 1277, 1283 (Fed. Cir. 2010) (holding that the Federal Circuit did not have subject matter jurisdiction over plaintiff's contract claim it did not "require resolution of a disputed question of patent law.")

Finally, Round Rock's patent infringement action should not—and cannot—be held hostage to undefined state law contract claims that the plaintiffs may have. Plaintiffs have not attached those alleged contracts to their opposition brief, but ask Round Rock and this Court to accept as fact that this is the sole forum that can adjudicate their contract claims against Samsung and AMI. Given the complete lack of any evidence that such contracts exist, this Court's declaratory judgment jurisdiction over plaintiffs' contract claims is questionable, and fall short of trumping Round Rock's chosen forum for its patent infringement action. *See, e.g.*, *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, 2011 WL 4915847, at *5 (N.D. Cal. Oct. 17, 2011) ("[A]llegations of indemnity requests are not enough to find a 'substantial controversy ... of sufficient immediacy and reality' [to confer declaratory judgment jurisdiction].") (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

## VI. THE DISTRICT OF DELAWARE IS THE MOST CONVENIENT FORUM FOR THIS ACTION.

Even if the Court decides, contrary to its own precedent (*Intuitive Surgical*, 2007 WL 1150787, at *3), to examine the relative convenience factors ahead of the first-filed Delaware Action, it should conclude that Delaware is the most convenient location for this lawsuit. Where one forum offers the possibility of significant judicial economy, the interest of justice alone can be decisive in the transfer factor analysis even if witness and party convenience weigh against transfer. *Wood v. Best Buy Inc.*, No. 11-cv-1877-SC, 2011 WL 3740812, at *2 (N.D. Cal. Aug. 25, 2011) "[A] situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* (citing *Continental Grain Co. v. Barge FBL–*

*585*, 364 U.S. 19, 26 (1960); *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974)). The Court should reject plaintiffs' pleas to ignore this well-established principle.

First and foremost, transferring this action to Delaware will conserve scarce judicial resources. The Delaware actions against plaintiffs and plaintiffs' competitors overlap substantially. Indeed, Plaintiffs concede that "Round Rock has sued other California residents [its competitors] on the same Patents-in-Suit." (D.I. 29 at 5.) Further, the Delaware Court has already ordered plaintiffs' competitors to appear at the same scheduling conference. (Ex. E, F, G.) Those suits will share multiple overlapping issues of fact and law with this case, given the similar infringement by standards-compliant computers and presumably similar, if not identical, claim construction arguments and invalidity positions. To pretend otherwise ignores the realities of patent litigation.

Second, plaintiffs assert that California is more convenient for its party-witnesses. But they offer no declaration, affidavit, or other showing of even one party witness that it intends to call at trial that would be inconvenienced by traveling to Delaware. Moreover, as is common in patent litigation cases, should Round Rock require the deposition testimony of plaintiffs' witnesses, such depositions may be taken at a convenient location, with counsel's agreement. Nor do plaintiffs identify any documents or other evidence that cannot be easily transported to the District of Delaware, especially when "modern technology eases access through the electronic transfer of documentary evidence." *Gilbert v. Wells Fargo Bank, N.A.*, No. 11-cv-2856-CW, 2011 WL 5118531, at *3 (N.D. Cal. Oct. 28, 2011).

Third, plaintiffs allege California is more convenient forum for third parties. But again they offer no demonstration—other than relative flight times—that California is conclusively more convenient than Delaware for even a single witness. More importantly, plaintiffs do not identify the third parties that would be required to appear at trial or why that appearance would be necessary. Again, as is typical in these cases, should a third-party's testimony be required it can be taken at a convenient location with counsel's agreement. Plaintiffs' unsupported

argument, untethered to any of the specific facts of this case, is not a reason to preclude transfer.

Fourth, Round Rock's direct and indirect infringement claims arise from plaintiffs' manufacturing, selling, using, offering for sale, and importing the infringing products. Given defendants' national sales and distribution, the contacts relating to Round Rock's infringement claims arose in Delaware at least to the same extent as they did here.

Fifth, Delaware has at least as much interest in this case as California, as its corporate citizen is the patentee, has been injured by plaintiffs' infringement, and has brought suit in its home district.

In sum, this case should be heard in in Delaware, the first-filed forum, the patentee's home state, and the locus of four infringement actions pending before the same judge, involving the same patents, and concerning substantially the same issues of invalidity and infringement.

## VII.  CONCLUSION

For all of the foregoing reasons, Round Rock respectfully requests that this Court enter an order dismissing all claims in the declaratory judgment complaint or, in the alternative, transferring this action to the United States District Court for the District of Delaware, or staying this action until that Court rules on the identical issues.

Dated: February 21, 2012

Respectfully submitted,

BLACK CHANG & HAMILL LLP

By:  /s/ Peter H. Chang

*Attorneys for Defendant*
*Round Rock Research LLC*