IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROUND ROCK RESEARCH, LLC, AMERICAN MEGATRENDS INC., and SAMSUNG ELECTRONICS COMPANY, LTD., <br><br> Defendants. <br> _____/ | No. C 11-6636 CW <br><br> ORDER GRANTING DEFENDANT ROUND ROCK'S MOTION FOR STAY AND SCHEDULING CASE MANAGEMENT CONFERENCE |

Plaintiffs ASUS Computer International, Inc. (ASUS California) and ASUSTeK Computer International, Inc. (ASUSTeK Taiwan) (together, ASUS) have filed a complaint seeking declaratory judgment of patent non-infringement and invalidity against Defendant Round Rock Research, LLC and indemnification against Defendants American Megatrends, Inc. and Samsung Electronics Company, Inc.[1]  Defendant Round Rock moves to dismiss the ASUS Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Round Rock

---

[1] The ASUS Plaintiffs dismissed their claims against Defendant American Megatrends, Inc. on April 25, 2012.  Defendant Samsung Electronics Company, Inc. has not joined in this motion.

also moves to dismiss under the first-to-file rule and for a transfer of venue to the District of Delaware or for a stay of this action pending a venue decision from the Delaware district court. The ASUS Plaintiffs oppose the motions. The motions were taken under submission and decided on the papers. Having considered all the papers filed by the parties, the Court grants the motion to stay the claims against Round Rock based on the first-to-file rule and denies as moot the motion to dismiss or transfer. The Court also stays its ruling on the motion to dismiss for lack of personal jurisdiction, which will be addressed if this case is not transferred to the District of Delaware. The Court will allow limited jurisdictional discovery while this case is otherwise stayed.

BACKGROUND

Plaintiff ASUSTeK Taiwan is a company organized and existing under the laws of Taiwan, Republic of China, with its principal place of business in Taiwan. Plaintiff ASUS California, a wholly-owned subsidiary of ASUSTeK Taiwan, is a California corporation with its principal place of business in Fremont, California. The ASUS Plaintiffs sell a variety of consumer electronics products in the United States, including desktop computers, notebook computers, tablet PCs, LCD monitors and cell phones.

Round Rock is a Delaware limited liability company with its principal place of business in Mount Kisco, New York. Round Rock has a portfolio of over four thousand patents and pending patent

2

applications which it acquired from Micron Technology in 2009. Round Rock licenses its portfolio of patents to many of the leading technology companies in the world.

On March 30, 2011, Round Rock sent the ASUS Plaintiffs a demand letter addressed to ASUS California at its Fremont address and ASUSTeK Taiwan at its Taipei address, concerning their alleged unauthorized use of Round Rock's patented technology, and offered to arrange a meeting to discuss the patents and licensing terms. The letter explained that Round Rock would allow the ASUS Plaintiffs to continue their use of these patents through a license from Round Rock. The matter would be handled by Paul Riley of IP Value Management (IP Value), Round Rock's agent to commercialize its patents and other intellectual property rights world-wide. IP Value's responsibilities include negotiating licenses for Round Rock's patents. One of IP Value's two offices is located in Mountain View, California.

On April 14, 2011, Mr. Riley contacted the ASUS Plaintiffs by sending letters to ASUS California at its Fremont office and AUSTeK Taiwan at its Taipei office, in which he affirmed that IP Value was appointed by Round Rock as its agent to license Round Rock patents and asked to schedule a meeting with the ASUS Plaintiffs to discuss the patents, either in California, Taiwan, or any location that was convenient for them. On June 9, 2011, Gerard deBlasi, Vice President of Licensing for Round Rock, and Mr. Riley met with ASUSTeK Taiwan at ASUSTeK's headquarters in

Taipei, Taiwan.  Subsequently, Round Rock sent additional letters and exemplary claim charts to ASUSTeK executives in Taiwan.  In September 2011, Messrs. deBlasi and Riley again travelled to Taiwan to continue discussions with ASUSTeK Taiwan.  No representative from Round Rock ever visited ASUS California's headquarters in Fremont, California.

On October 14, 2011, Round Rock filed a complaint against ASUS California and ASUSTeK Taiwan in the District of Delaware, alleging infringement of nine patents-in-suit.  The Delaware suit concerns exactly the same patents that are the subject of this declaratory judgment action.  Three related actions in the Delaware court that assert the same patents against similar computers made by other personal computer and consumer technology companies are pending before the same district court judge.  On October 17, 2011, Round Rock served its complaint on ASUS California in Fremont, California.  On December 23, 2011, the ASUS Plaintiffs, as defendants in the Delaware action, filed there a motion to dismiss for lack of personal jurisdiction and for transfer, arguing that ASUSTeK Taiwan has no connections to Delaware and ASUS California has not sold in Delaware the products accused of infringing at least two of the patents-in-suit.  According to the parties' joint case management statement in this case, the Delaware court denied the motion to dismiss pending jurisdictional discovery and stayed resolution of the ASUS entities' motion to transfer.  On December 23, 2011, the ASUS

4

Plaintiffs filed this action in this district seeking declaratory judgment of patent non-infringement and invalidity against Round Rock and seeking indemnity from two of its suppliers who it claims are contractually obliged to defend ASUS from infringement claims.[2]

DISCUSSION

Round Rock argues that the first-to-file rule warrants a dismissal or stay of this action because it filed the Delaware suit before the ASUS Plaintiffs filed this action here, and the parties and issues in both cases are identical. In the alternative, Round Rock requests that this action be transferred to Delaware, pursuant to 28 U.S.C. § 1404(a). The ASUS Plaintiffs argue that two exceptions to the first-to-file rule apply and, thus, this case should proceed in this district.

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). This doctrine, known as the first-to-file rule, "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v.

---

[2] As noted above, the ASUS Plaintiffs have dismissed their claims against American Megatrends.

5

American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of California v. United States Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).  The rule favors the forum of the first-filed case "unless consideration of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." Electronics for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

Although exceptions are not rare, "there must be sound reason that would make it unjust or inefficient to continue the first-filed action." Id.  "Circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit and forum shopping." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991).  Another exception to the first-to-file rule may apply when "the balance of convenience weighs in favor of the later-filed action." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994).  This is analogous to the "convenience of parties and witnesses" factor considered in a transfer of venue motion pursuant to 28 U.S.C.

6

§ 1404(a). Med-Tec Iowa, Inc. v. Nomos Corp., 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 133 (S.D.N.Y. 1994). The court in which a second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. Alltrade, 946 F.2d at 623. The court with the first-filed action should normally determine whether an exception to the first-to-file rule applies. Intuitive Surgical, Inc. v. Calif. Inst. of Tech., 2007 WL 1150787, at *2-3 (N.D. Cal.)

It is undisputed that Round Rock filed the Delaware infringement action before the ASUS Plaintiffs filed their declaratory relief action in this district. It is also undisputed that the Delaware action and this action involve the same parties and the same subject matter, i.e., the same patents-in-suit. Furthermore, the ASUS Plaintiffs do not argue that Round Rock filed the Delaware action in bad faith, as an anticipatory action or for the purpose of forum shopping. Thus, the first-to-file rule applies.

The ASUS Plaintiffs argue that this case should be excepted from the first-to-file rule because the convenience of the parties favors keeping the action in this district. However, the court in the first-filed action should decide whether there is an exception to the first-to-file rule based on the convenience factors. See

7

Intuitive Surgical, 2007 WL 1150787, at *3 (deferring to district with first-filed action to decide the appropriate forum).

The ASUS Plaintiffs also argue that this case falls under yet another exception, the customer-suit exception. This exception to the first-to-file rule developed in patent cases where the earlier action is against a "mere customer" and the "later suit is a declaratory judgment action brought by the manufacturer of the accused devices." Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 737 (1st Cir. 1977). Under the customer-suit exception, the manufacturer's suit is preferred over the first-filed suit against the customer. The rationale for the customer-suit exception is that the manufacturer is the true defendant in the customer suit. Id.

The ASUS Plaintiffs argue that they are merely customers and the real-parties-in-interest are the manufacturers who supply them with components. These manufacturers include Samsung and American Megatrends, whom the ASUS Plaintiffs have named as Defendants in this lawsuit. The ASUS Plaintiffs argue that, by contract, California is the only forum that can order the manufacturers to defend them and, thus, they can only sue the manufacturers for indemnification in California. The ASUS Plaintiffs argue that, instead of transferring this case to Delaware, the Court should retain this case and enjoin Round Rock from proceeding with its case against the ASUS entities in Delaware.

The customer-suit exception to the first-to-file rule does not apply to the facts of this case. The ASUS Plaintiffs do not assert that they are the manufacturers of the infringing products; rather, they assert that their suppliers, the manufacturers of the components that make up their products, are the real parties-in-interest. Because the purported manufacturers are not suing Round Rock here, California is not the preferred forum over Delaware. The fact that the ASUS Plaintiffs are bringing indemnification claims against their suppliers here does not bring the Delaware case within the customer-suit exception. The ASUS Plaintiffs may proceed to sue their supplier Samsung for indemnity in California. This is not a reason to prefer California over Delaware for the litigation between Round Rock and ASUS.

The ASUS Plaintiffs also argue that it makes little sense for the Delaware litigation to proceed because ASUSTeK Taiwan is not subject to personal jurisdiction there and ASUS California is not subject to personal jurisdiction there with regard to at least two of the patents at issue. However, the issue of personal jurisdiction over the ASUS entities in Delaware is not before this Court; it is before the Delaware court.

## CONCLUSION

For the foregoing reasons, the Court grants Round Rock's motion to stay this action against it, except as stated below, and denies without prejudice its motion to dismiss or transfer, pending the Delaware court's ruling on the ASUS entities' motions

9

to dismiss for lack of personal jurisdiction and to transfer that case to this Court.  The Court stays its ruling on Round Rock's motion to dismiss this case for lack of personal jurisdiction, but allows limited discovery on personal jurisdiction to proceed.  If the Delaware court denies the ASUS entities' motion to transfer and retains jurisdiction over the case there, Round Rock shall notify this Court, which will transfer this case to Delaware.  If the Delaware case is transferred to this district, the parties shall file a notice of related cases and this Court will relate and consolidate the cases.  Round Rock's motion to dismiss for lack of personal jurisdiction will be addressed at that time.

    A case management conference is scheduled for September 20, 2012 at 2:00 pm.

    IT IS SO ORDERED.

Dated: 6/5/2012

CLAUDIA WILKEN
United States District Judge