BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Peter H. Chang (SBN 241467)
pchang@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:     415-813-6210
Facsimile:      415-813-6222

*(additional counsel listed on signature page)*
*Attorneys for Defendant Round Rock Research, LLC.*

*(additional counsel listed on signature page)*
*Attorneys for Plaintiffs ASUSTeK Computer, Inc.*
*and ASUS Computer International*

*(additional counsel listed on signature page)*
*Attorneys for Defendant Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and<br>ASUS COMPUTER INTERNATIONAL,<br><br>        Plaintiffs,<br><br>      v.<br><br>ROUND ROCK RESEARCH, LLC,<br>AMERICAN MEGATRENDS INC., and<br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Defendants. | Case No. 4:11-cv-6636-CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 14, 2013<br>Time: 2:00 PM<br>Federal Building, 1301 Clay Street,<br>Oakland, California<br>Judge:  Hon. Claudia Wilken<br>Courtroom #2, 4th Floor |

Pursuant to Civil L.R. 16-9 and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs ASUSTeK Computer, Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively, "ASUS") and Defendants Round Rock Research, LLC ("Round Rock") and Samsung Electronics Co., Ltd. ("Samsung"), respectfully submit this Joint Case Management Statement.

**1. Jurisdiction, Venue, and Service**

The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the U.S. Patent Act, 35 U.S.C. § 101 *et seq.* (D.I. 1 ¶ 6; D.I. 8 ¶ 5.)  For purposes of this case only, Round Rock and Samsung do not contest personal jurisdiction or venue.  (D.I. 8 ¶ 8.)  No party contests service.

**2. Facts**

    **a. ASUS' Statement of Facts**

Plaintiff ASUS Computer International ("ASUS California") is a California corporation with its principal place of business in Fremont, California.  (D.I. 29 at 1.)  ASUS California sells consumer electronics products under the ASUS brand including desktop computers, notebook computers, tablet PCs, and motherboards.  About 93% of ASUS California's employees are based in Fremont, California.  (*Id.*)  While Round Rock has not identified the precise accused products, ASUS California generally receives its products at ports or airports in California, stores its products in California, and ships its products from California.  (*Id.* at 1-2.)

Plaintiff ASUSTeK Computer Inc. ("ASUSTeK Taiwan") is a Taiwanese corporation and is the parent corporation of ASUS California.  (*Id.*)  Neither plaintiff has any place of business, employee, bank account, subsidiary, or registered agent of process in Delaware.  (*Id.*)  Neither designs or manufactures products in Delaware.  (*Id.*)  Neither is aware of any employee traveling to Delaware on their behalf.  (*Id.*)  Neither has any relevant witnesses or documents in Delaware.  (*Id.*)  Indeed, no party (including Round Rock) has identified any relevant witness or document in Delaware.  (*Id.*)

Defendant Round Rock Research, LLC ("Round Rock") is a non-practicing entity incorporated in Delaware, but its principal place of business is in Mount Kisco, New York.  (D.I. 13

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:11-cv-6636-CW

¶ 3.)  Round Rock has no place of business or employees in Delaware.  (D.I. 29 at 2.)  While Round Rock itself does not have employees in California, Round Rock has appointed Mountain View, California-based IPValue Management ("IPValue") as its "agent to commercialize Round Rock's patents and other intellectual property rights worldwide."  (D.I. 29 at 2.)  This includes "negotiating a license to the patents-in-suit with plaintiffs."  (D.I. 10 at 2.)

Round Rock's patent portfolio (acquired from semiconductor component manufacturer Micron Technology, Inc.) is focused on component-level technologies, such as semiconductor processing and memory chips, which is different from ASUS' main business of making and selling system-level consumer electronics products, such as computers or tablets.  (D.I. 1 ¶ 23.)  ASUS also believes that many of its component suppliers already have licenses to Round Rock's patents.  Nevertheless, Round Rock continued to threaten its component-level patents against ASUS' system-level products.  After a number of letters and meetings, Round Rock filed a complaint against ASUS California and ASUSTeK Taiwan in the District of Delaware on October 14, 2011, alleging infringement of nine patents.  [D.I. 15-3.]  Aside from Round Rock's incorporation in Delaware, however, neither Round Rock nor ASUS have any ties to Delaware.  Round Rock filed an amended complaint on December 6, 2011, adding an additional patent.  [D.I. 15-4.]

Just two weeks after Round Rock's amended complaint in Delaware, on December 23, 2011, ASUS filed this action in the Northern District of California.  (D.I. 1.)  In addition to seeking declaratory judgment of non-infringement and invalidity against Round Rock, ASUS also named two of its suppliers (Samsung and American Megatrends) who are contractually obligated to defend ASUS from any claims of infringement.  (*Id.* ¶¶ 6-7.)  Because Round Rock's patent infringement allegations are focused on specific components supplied to ASUS by its suppliers, its suppliers are the real parties in interest in this case.  (*Id.* ¶¶ 32-33.)  In particular, ASUS notes that Samsung is a supplier of DDR3 memory and Round Rock has already contended that ASUS' products which include DDR3 memory infringe at least the '613, '823, '979, and '369 patents in the Delaware action.  Further, as alleged in the Complaint, ASUS alleges that Samsung's duty includes the duty to defend and is not limited to ultimate liability.  ASUS reached a business resolution with Defendant

1  American Megatrends, Inc. on April 25, 2012.  (D.I. 44.)  However, ASUS' claims against Samsung

2  remain pending.  By contract, ASUS' claims against its suppliers can only be brought in California.

3      Meanwhile, in the Delaware action, ASUS filed a motion to dismiss for lack of personal

4  jurisdiction on December 23, 2011 because ASUSTeK Taiwan has no connections to Delaware and

5  ASUS California has not sold the accused products for at least two of the patents-in-suit to any

6  customer in Delaware.  (D.I. 29 at 2-3.)  On April 6, 2012, the Delaware Court declined to find

7  personal jurisdiction and instead authorized limited jurisdictional discovery to determine whether

8  ASUS California or ASUSTeK Taiwan were subject to personal jurisdiction in Delaware.  After

9  jurisdictional discovery, the parties submitted supplemental briefing in September 2012.  On July 1,

10  2013, the Delaware Court requested letter briefs regarding the relevance, if any, of a recent Delaware

11  decision in another case (*Graphics Properties Holdings v. ASUS*, No. 12-210-LPS), and that briefing

12  was submitted on July 8, 2013.  The Delaware Court has not yet issued any ruling on ASUS' motion

13  to dismiss or transfer.  There has been no non-jurisdictional discovery, no claim construction, and no

14  other substantive motions in the Delaware action.

15      Samsung is not a party to the Delaware action and any activity there will have no impact on

16  ASUS' causes of action against Samsung in this case.

17          **b.  Round Rock's Statement of Facts**

18      Round Rock is a Delaware limited liability company with its principal place of business in

19  Jersey City, New Jersey.  Round Rock has no offices, employees, bank accounts, or any other

20  physical presence in California; it has never been licensed to do business in California; and prior to

21  suit, never met plaintiffs in their California offices. Round Rock has a portfolio of over four

22  thousand patents and pending patent applications that Round Rock acquired from Micron

23  Technology, Inc. in 2009.  Round Rock actively licenses its portfolio to many of the leading

24  technology companies in the world.  Round Rock's patented inventions span many different

25  technical fields, ranging from semiconductor components and manufacturing processes to consumer

26  products and systems.  Among those patents are U.S. Patent Nos. 5,255,109; 5,787,174; 5,938,794;

27  5,991,843; 6,002,613; 7,101,727; 7,138,823; 7,285,979; and 7,389,369.

28

4

On March 30, 2011, Round Rock sent plaintiffs ASUSTeK and ACI a letter concerning their unauthorized use of Round Rock's patented technology, and offered to arrange a meeting with ASUSTeK representatives in Taiwan.  On June 9, 2011, Round Rock and ASUSTeK met at ASUSTeK headquarters in Taipei, Taiwan.  Round Rock explained its patent portfolio and specifically addressed plaintiffs' infringement of several patents-in-suit.  Subsequently, Round Rock sent additional letters and exemplary claim charts to ASUSTeK executives in Taiwan.  In September 2011, Round Rock's licensing agent travelled to Taiwan to continue licensing discussions.  Despite Round Rock's efforts, ASUSTeK continues to use Round Rock's patented technology without a license.  The parties continue to discuss licensing terms.  Prior to April 2012, in connection with ASUS's invitation to continue license discussions, no Round Rock employee or representative had met with ASUS in California.

In 2011, Round Rock filed a patent infringement action in the United States District Court for the District of Delaware seeking damages for plaintiffs' infringement of the same ten patents in *Round Rock Research, LLC v. ASUSTeK Computer Inc.*, 11-CV-978-RGA (D. Del.) (the "Delaware Action").  Two other related lawsuits involving the same patents against similar computers made by ASUS competitors remain pending before the same Delaware judge.  *Round Rock Research, LLC v. Acer Inc.*, No. 11-cv-977-RGA (D. Del.); *Round Rock Research, LLC v. Lenovo Holding Co.*, No. 11-cv-1011-RGA (D. Del.) (collectively, the "Related Delaware Actions").[1]  Judge Andrews has already heard briefing and argument on claim construction issues in the Related Delaware Actions, and issued a claim construction order this June.

ASUS moved to dismiss Round Rock's Delaware complaint for lack of personal jurisdiction and, in the alternative, transfer the case to this district.  The parties argued those motions on April 6, 2012.  Judge Andrews denied ASUS's motion to dismiss pending jurisdictional discovery and stayed resolution of ASUS's motion to transfer.  Following jurisdictional discovery, the parties submitted

---

[1] The Related Actions all concern the various defendants' infringement of U.S. Patent Nos. 5,255,109; 5,787,174; 5,938,794; 5,991,843; 6,002,613; 7,138,823; 7,285,979; and 7,389,369. Round Rock has also asserted U.S. Patent No. 7,336,531 against Acer.

supplemental briefing in support of their positions in August 2012.  ASUS's motion to dismiss or

transfer venue remains pending.  In July, Judge Andrews requested supplemental briefing on the

relevance of a recent Delaware case denying a similar ASUS motion to dismiss for lack of personal

jurisdiction.  The parties completed supplemental briefing on July 8, 2013.  Round Rock

recommends that this case remain stayed until the first-filed court renders a decision on ASUS's

jurisdictional challenge.  However, Round Rock does not contest this Court's specific personal

jurisdiction over Round Rock, for the purposes of this action only, should it decide to proceed in

advance of a ruling in the Delaware Litigation.

After Round Rock's original Delaware complaint, plaintiffs filed two declaratory judgment

actions here.  This declaratory judgment action seeks a declaration of non-infringement, invalidity,

and unenforceability of the same patents at issue in the Delaware Action.  The second declaratory

judgment action involves five patents and is currently pending before Judge Tigar.  *ASUS Computer

Int'l v. Round Rock Research, LLC*, 3:12-cv-2099-JST (N.D. Cal.).  Plaintiffs also make a state-law

indemnification claim against third-party Samsung.[2]  (D.I. 1, ¶ 57.)  Plaintiffs did not serve Round

Rock until January 10, 2012 and did not serve Samsung until April 3, 2012.  (D.I. 41.)  Plaintiffs

dismissed their claims against American Megatrends, Inc. ("AMI") on April 25, 2012. (D.I. 44.)

### c.  Samsung's Statement of Facts

ASUS claims that it is entitled to a defense and indemnification from Samsung for some of

the allegations made against ASUS in *Round Rock Research, LLC v. ASUSTeK Computer Inc.*, 11-

CV-978-RGA (D. Del.).  But as ASUS alleges in its complaint, Samsung has a worldwide license

from Round Rock ("License"), entered into on September 30, 2010, that includes the patents-in-suit.

ASUS acknowledges that under the theory of patent exhaustion, there is no possibility that ASUS

---

[2] In the Complaint, plaintiff pled state law indemnification claims against Samsung and America
Megatrends, Inc. ("AMI").  According to the Complaint, plaintiffs' notices to alleged indemnitors
Samsung and American Megatrends, Inc. ("AMI") only cover six of the ten patents-in-suit.  (D.I. 1,
¶¶ 39, 42.)  The Complaint is silent with regard to the remaining four patents-in-suit.  ASUS
dismissed all claims against AMI on April 25, 2012.  (D.I. 44.)

could be held liable for infringement by Samsung products.  As ASUS alleges in paragraph 35 of its Complaint (D.I. 1), "Therefore, the patents-in-suit are unenforceable to the extent that any allegedly infringing products are supplied, directly or indirectly, to Plaintiffs by suppliers who have an express or implied license to one or more of the patents-in-suit, and/or unenforceable under the doctrine of patent exhaustion."  *See also* D.I. 1  at para 53.  Furthermore, the Delaware action does not even encompass allegations of infringement by Samsung products.  For both these reasons, Samsung has no defense or indemnification obligation to ASUS.  Even if ASUS is incorrect in its contention that exhaustion applies, or that "RR's patents are really directed at low-level components rather than Plaintiff's products" (ASUS's opposition to Round Rock's Motion to Dismiss or, in the Alternative, to Transfer, D.I. 29, 17:28-18:1)[3], the License and the terms of the Indemnification Agreement between Samsung and ASUS still preclude any obligation of Samsung for infringement by Samsung components incorporated into ASUS products.  This is because the Indemnification Agreement states that "Samsung shall have no obligation or liability . . . to the extent . . . (ii) a claim is based on a combination of Samsung Products with any other products unless Samsung Products cause ASUS to be liable for inducing or contributory infringement."  There is no allegation that Samsung products cause ASUS to be liable for inducing or contributory infringement.

Finally, ASUS has breached the Indemnification Agreement, including by 1) failing to notify Samsung "promptly upon awareness" of a claim against ASUS that it asserts triggers the Indemnification Agreement; 2) failing to provide the prior communications from Round Rock and its agents following multiple requests for those communications; and 3) failing to "give Samsung the sole authority to determine whether to file any counter claims or negotiate and agree upon any settlement between the parties" as  ASUS instead, without consulting Samsung, initiated this action against Round Rock.

### 3.  Legal Issues

Based  on  the  current  posture  of  the  litigation,  Round  Rock  has  not  answered  ASUS's

---

[3] *See also Id.* at 19:21-22 ("Moreover, RR does not dispute that the asserted patents are focused on specific *components* supplied to Plaintiffs by its suppliers, such as DDR memory.")

complaint.  But the parties anticipate that some of the disputed points of law include:  (a) whether ASUS has infringed the patents-in-suit under 35 U.S.C. § 271, (b) whether ASUS's alleged infringement has been willful, (c) whether the patents-in-suit are invalid, (d) whether the patents-in-suit are unenforceable, (e) whether Round Rock is entitled to damages under 35 U.S.C. § 284, (f) whether ASUS or Round Rock is entitled to attorneys' fees and costs under 35 U.S.C. § 285, (g) whether ASUS should be preliminarily and/or permanently enjoined from allegedly infringing and/or inducing the infringement of the patents-in-suit, and (h) whether ASUS's Suppliers are obligated to defend and/or indemnify ASUS against Round Rock's claims of alleged infringement.

## 4. Motions

Round Rock has filed a motion to dismiss this case alleging this Court lacks personal jurisdiction over Round Rock and in deference to the first-filed Delaware action.  In the alternative, Round Rock moved to transfer this action to Delaware under 28 U.S.C. § 1404(a).  (D.I. 12, 29, 30.)  The Court stayed the case in April 2012 pending a decision from the first-filed Delaware Court.  For purposes of this case only, Round Rock does not contest personal jurisdiction or venue, and therefore withdraws that portion of its motion.

Samsung proposes that the Court order that the indemnification dispute with ASUS be severed under Rule 21 or, alternatively, have a separate trial under Rule 42(b). *See, e.g.*, *Willyard v. Wal-Mart Stores, Inc.*, 09-CV-295-DRH, 2009 WL 1650046 (S.D. Ill. June 11, 2009) (granting severance of indemnity claim under Rule 21); *Tillotson Corp. v. Shijiazhaung Hongray Plastic Products, Ltd.*, 405CV0118RLV, 2006 WL 3050810 (N.D. Ga. Oct. 23, 2006) (granting severance of indemnity claim from patent infringement claims under Rule 42(b)). To the extent the Court is not inclined to presently order severance under Rule 21, Samsung will bring such a motion.  Such relief is typical for indemnification disputes that are paired with the primary liability claims.  It is appropriate given the significantly different issues to be decided, and different witnesses, in the indemnification dispute between Samsung and ASUS, compared to the patent dispute between Round Rock and ASUS.  Economy and convenience would also be served, since Samsung is not involved in the patent infringement dispute between ASUS and Round Rock and should not be subject to an action that is materially different in structure, length, and subject matter.  Additionally,

the scope of the ASUS/Round Rock dispute that is to be decided in this action remains to be determined. Given ASUS's position so far in this action, ASUS may assert that the judgment in the ultimate Round Rock/ASUS trial gives rise to an indemnity duty of Samsung. Separating the ASUS/Samsung dispute will preclude the possibility of a second, post-judgment, action -- and, to the extent that judgment is in ASUS's favor, would remove any need for an indemnity action. Finally, it also removes any potential prejudice to Samsung of having the issue of whether ASUS has committed patent infringement decided along with whether Samsung should have to indemnify ASUS for such infringement.

ASUS opposes Samsung's proposal and notes that Samsung's indemnification obligations include a duty to defend.

There are no other pending motions.

**5. Amendment of Pleadings**

ASUS may seek to add additional suppliers once Round Rock identifies the specific accused products and accused functionalities.

Round Rock has not yet answered ASUS's declaratory judgment complaint and proposes doing so pursuant to the proposed schedule below.

Samsung's date to answer or otherwise respond to ASUS's complaint is currently set as October 24, 2013.

**6. Evidence Preservation**

The parties have taken reasonable steps to preserve evidence relevant to the issues reasonably related to the claims and defenses in this action.

**7. Disclosures**

Because Round Rock has not yet answered the complaint, the parties propose exchanging initial disclosures 14 days after Round Rock serves its infringement contentions.

**8. Discovery**

 **a. Status of Discovery**

The Court authorized jurisdictional discovery to determine whether Round Rock was subject to personal jurisdiction in this district. (D.I. 54 at 10.) Pursuant to that order, ASUS sought

1    jurisdictional discovery from Round Rock.  Round Rock subsequently agreed that for purposes of

2    this case only, it does not contest personal jurisdiction or venue.

3            No other discovery has been taken to date.

4            **b.  Protective Order**

5            To the extent discovery proceeds, the parties agree that a protective order will be necessary in

6    this case in light of the sensitive and proprietary information that will be exchanged during

7    discovery.

8            The parties agree that Round Rock's employees, including John Desmarais, Gerard deBlasi,

9    and James Burris, will not act as outside counsel or in-house counsel for Round Rock or have access

10   to ASUS's confidential information. ASUS agrees to the Court's Patent Local Rule 2-2 Interim

11   Model Protective Order with several modifications.  First, because Round Rock does not develop or

12   sell any products and thus has no confidential information regarding the technology at issue, whereas

13   ASUS actively does develop and sell its own products and thus has significant confidential

14   information related to its products that Round Rock could improperly use in reexamination, model

15   paragraph 8 should be modified as follows:

16                 Counsel    receiving    "CONFIDENTIAL"    or    "HIGHLY
17                 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may
                   not use such information to provide advice or opinions to facilitate
18                 prosecution of any patents, to otherwise attempt to secure patent
                   claims (e.g., reissue, reexamination, and certificates of correction), or
19                 for any purpose not related to this case.  This prohibition is not
                   intended to preclude counsel from participating in reexamination
20                 proceedings on behalf of a party challenging the validity of a patent,
                   where counsel will not be involved in crafting claims, but it is intended
21                 to preclude counsel from participating directly or indirectly in
                   reexamination proceedings on behalf of a patentee.  Confidential
22                 information shall be used solely for the prosecution of this litigation.

23                 No individual who, on behalf of the patent owner, has had access to
24                 information  designated  as  "HIGHLY  CONFIDENTIAL  –
                   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –
25                 SOURCE CODE" by any other party or third party in this litigation
                   may prosecute, supervise, or assist in the prosecution of any patent
26                 application on behalf of the patent owner involving the particular
                   technology or information disclosed in the produced information for a
27                 period ending two (2) years after the final resolution of this litigation.

28

For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of any document to be filed with the United States Patents and Trademark Office or any foreign patent office, or consultation on any of the above matters with others performing these activities.

With regard to the technical scope covered by the prosecution bar, ASUS believes that the parties should meet and confer after Round Rock serves Infringement Contentions and has identified the accused products/functionality. The categories as identified by Round Rock are too broad to allow meaningful assessment and would sweep in areas unrelated to the anticipated litigation issues and disclosures. For example, "displays" covers the gamut from cathode ray tubes (CRTs) to OLED touchscreens and every component therein.

Round Rock agrees to the Court's Patent Local Rule 2-2 Interim Model Protective Order, modifying model paragraph 8 to address the specific technology at issue in this action:

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating <u>to personal computer displays; short-range communications; double data rate synchronous dynamic random-access memory (DDR SDRAM); universal serial bus (USB) protocol; and computer system basic input/output system (BIOS) systems</u>, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

### c.      Limits to Discovery Requests and Depositions

Given ten patents-in-suit with an unknown number of asserted claims against an unknown number of products, ASUS proposes a limit of 75 interrogatories, 75 requests for admission (not including requests for authentication or prior art dates), and 100 deposition hours per party exclusive of third party depositions.  Due to the need for a significant amount of third party discovery relating to inventorship, ownership of the patents-in-suit, embodying products, and prior art, ASUS proposes no limits on third party depositions beyond those set forth in the Federal Rules of Civil Procedure.

Round Rock proposes that the following discovery limits shall apply:  40 requests for admission per party; 40 interrogatories per party; 200 deposition hours per party inclusive of third party depositions.

To the extent that it is not severed from this action, Samsung currently has no position on limits to discovery requests and depositions.

### d.      Electronically Stored Information (ESI)

ASUS proposes using the Model E-Discovery Order drafted and adopted by the Federal Circuit Advisory Council, including former Chief Judge James Ware (N.D. Cal.) and Chief Judge Randall Rader (Fed. Cir.).  For ESI, the producing party shall search (i) non-custodial data sources and (ii) ESI maintained by the custodians identified in accordance with the Model E-Discovery Order.  Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) data in metadata fields that are frequently updated automatically, such as last-opened dates; (5) back-up data that are substantially duplicative of data that are more accessible elsewhere; (6) voice messages; (7) instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging; (8) electronic mail or pin-to-pin messages sent to or from mobile devices, provided that a copy of such mail is routinely saved elsewhere; (9) other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere; (10) logs of call made

1   from mobile devices; (11) server, system, or network logs; (12) electronic data temporarily stored by

2   laboratory equipment or attached electronic equipment, provided that such data is not ordinarily

3   preserved as part of a laboratory report; and (13) data remaining from systems no longer in use that

4   is unintelligible on the systems in use.

5           Round Rock and Samsung agree that an E-discovery protocol is desirable, and proposes

6   separately negotiating exact parameters of that protocol and filing it with the Court.

7       **9.  Class Actions**

8               Not applicable.

9       **10. Related Cases**

10          As noted in the Statement of Facts above, there are several cases involving some of the same

11  patents and/or Round Rock and ASUS, including Case Nos. 3:12-cv-2099-JST (N.D. Cal.), and 11-

12  cv-978-RGA (D. Del.).

13      **11. Relief**

14          Plaintiff ASUS seeks declaratory judgment that ASUS does not infringe and has not

15  infringed, directly or indirectly, literally or under the doctrine of equivalents, any of the patents-in-

16  suit; the patents-in-suit are invalid under the Patent Act, 35 U.S.C. § 101 et seq., including without

17  limitation §§ 102, 103, and 112; the patents-in-suit are unenforceable; Round Rock, and all persons

18  acting on its behalf or in concert with it including IPValue, be permanently enjoined and restrained

19  from charging, orally or in writing, that any of the patents-in-suit are infringed by ASUS or any of

20  ASUS' products, whether directly or indirectly, literally or under the doctrine of equivalents; ASUS

21  be awarded its costs, expenses, and reasonable attorney fees in this action; and ASUS be awarded

22  such other and further relief as the Court may deem appropriate.  Additionally, ASUS prays that the

23  Court find that the Suppliers are obligated to defend and/or indemnify ASUS against Round Rock's

24  allegations of alleged infringement.

25          Round Rock seeks (1) a judgment awarding it damages for ASUS's past, continuing, and (in

26  lieu of an injunction) future infringement of the patents-in-suit, (2) a judgment of willful

27  infringement and trebling of damages, (3) a finding that this case is exceptional under 35 U.S.C. §

28  285, (4) attorneys' fees, costs, and expenses that Round Rock incurs in prosecuting this action, and

(5) a preliminary and permanent injunction preventing ASUS from directly, contributorily, or inducing the infringement of the patents-in-suit.

Samsung will seek a judgment against ASUS that it does not owe ASUS a defense or indemnity.

**12. Settlement and ADR**

The parties have engaged in licensing discussions, but have been unable so far to reach agreement on terms.  The parties have a settlement conference scheduled with Magistrate Judge Ryu in connection with this action and the action pending before Judge Tigar on October 11, 2013.  (D.I. 73; *see also* No. 3:12-cv-2099-JST, D.I. 77.)  In view of this scheduled settlement conference, the parties entered a stipulation to remove the case from the ADR program on July 12, 2013.  (D.I. 78.)

**13. Consent to a Magistrate Judge For All Purposes & Other References**

The parties have not consented to a Magistrate Judge conducting all proceedings here.  The parties do not believe this case is suitable for binding arbitration or a special master.

**14. Narrowing of Issues**

The parties believe it is premature to narrow issues for trial and that discovery will better position the parties to negotiate towards a resolution and narrowing of issues.

**15. Scheduling**

The parties propose the following case schedule.  The parties are not amenable to an expedited case management schedule.

As discussed above, Samsung has asked that the action against it be severed; if the Court is not inclined to do so at this time, Samsung has proposed a separate trial as below.

| Event | ASUS Proposal | RR Initial Proposal | Samsung Proposal |
|---|---|---|---|
| Initial CMC | | August 14, 2013 | |
| Round Rock Answer | August 23, 2013 | September 13, 2013 | No position. |
| Round Rock's Infringement Contentions limited to no more than 50 claims, Patent L.R. 3-1 & 3-2 | September 27, 2013 | September 27, 2013 | No position. |
| Exchange of Initial Disclosures | October 11, 2013 | October 11, 2013 | No position. |

| | | | |
|---|---|---|---|
| ASUS's Invalidity Contentions, Patent L.R. 3-3 and 3-4 | November 11, 2013 | November 11, 2013 | No position. |
| Exchange of Proposed Claim Construction Terms, Patent L.R. 4-1 | November 25, 2013 | November 25, 2013 | No position. |
| Exchange of Preliminary Claim Constructions and extrinsic evidence, Patent L.R. 4-2 | December 16, 2013 | December 16, 2013 | No position. |
| Round Rock limits number of claims to no more than 32 (Fed. Cir. Adv. Council Model Order ¶ 2) | December 9, 2013 | | No position. |
| ASUS limits number of prior art (Fed. Cir. Adv. Council Model Order ¶ 2) | December 23, 2013 | | No position. |
| File Joint Claim Construction and Pre-hearing Statement, Patent L.R. 4-3 | January 10, 2014 | January 10, 2014 | No position. |
| Complete Claim Construction Discovery, Patent L.R. 4-4 | February 10, 2014 | February 10, 2014 | No position. |
| Round Rock's Opening Claim Construction Brief, Patent L.R. 4-5(a | February 24, 2014 | February 24, 2014 | No position. |
| ASUS's Responsive Claim Construction Brief, Patent L.R. 4-5(b) | March 10, 2014 | March 10, 2014 | No position. |
| Round Rock's Reply Claim Construction Brief, Patent L.R. 4-5(c) | March 17, 2014 | March 17, 2014 | No position. |
| Claim Construction Hearing, Patent L.R. 4-6 | March 31, 2014, subject to the Court's convenience | March 31, 2014, subject to the Court's convenience | No position. |
| Round Rock limits number of claims to no more than 16 (Fed. Cir. Adv. Council Model Order ¶ 3) | 28 days after the Court's claim construction order | | No position. |
| ASUS limits number of prior art (Fed. Cir. Adv. | 42 days after the Court's claim | | No position. |

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:11-cv-6636-CW

| Council Model Order ¶ 3) | construction order | | |
|---|---|---|---|
| Close of Fact Discovery | 30 days after the Court's claim construction order | | No position. |
| Disclosure of Experts on Issues Which the Party Has the Burden of Proof | 60 days after the Court's claim construction order | | No position on ASUS/Round Rock dispute; the deadline for expert witness discovery regarding indemnification dispute between ASUS and Samsung should be set in a further CMC following the Round Rock/ASUS trial. |
| Close of expert discovery | 120 days after the Court's claim construction order | | See above. |
| Deadline for Filing Dispositive Motions | 30 days after the close of expert discovery | TBD | A dispositive motion deadline for indemnification dispute between ASUS and Samsung should be set in a further CMC following the Round Rock/ASUS trial. |
| Hearing for dispositive motions | 45 days after the filing of dispositive motions, subject to the Court's convenience | TBD | The hearing deadline regarding the indemnification dispute between ASUS and Samsung should be set in a further CMC following the Round Rock/ASUS trial. |
| Motions in limine and trial disclosures | 90 days after the hearing for dispositive motions | TBD | With regard to indemnification dispute between ASUS and Samsung, such date to be determined in a further CMC following the Round Rock/ASUS |

| | | | trial. |
|---|---|---|---|
| Final Pretrial Conference | 30 days after motions in limine and trial disclosures, subject to the Court's convenience | TBD | With regard to indemnification dispute between ASUS and Samsung, such date to be determined in a further CMC following the Round Rock/ASUS trial. |
| Trial | Subject to the Court's convenience | TBD | With regard to indemnification dispute between ASUS and Samsung, the trial date for that dispute to be determined in a further CMC following the Round Rock/ASUS trial. |

Additionally, given the large number of patents-in-suit in unrelated technologies, ASUS suggests that bifurcating discovery, such as by phasing the case into smaller groups of patents, may help make the case more manageable for the Court and parties.  As detailed above, ASUS proposes adopting the Federal Circuit Advisory Council's Model Order Limiting Excess Patent Claims And Prior Art modified as appropriate to work with the Patent Local Rules of this Court.

Round Rock opposes that suggestion.  In Round Rock's view, bifurcation of discovery as ASUS suggests would only delay the progress of the action, would likely require duplicative and inefficient discovery (*e.g.*, repetitive written and deposition discovery about different aspects of the same accused products), and would substantially diminish the parties' ability to obtain information sufficient to aid in any reasonable amicable resolution  .

**16. Trial**

The parties request a jury trial.

With ten patents-in-suit involving an unknown number of claims against an unknown number of accused products, ASUS believes that the precise structuring of trial in this case should be determined at a later point and can only estimate that at least 16 court days will be required to

1    present the evidence for all the patents, products, and prior art in this case.  At the Court's discretion,

2    ASUS suggests that bifurcating trial, such as by having separate trials for smaller groups of patents,

3    may help make trial more manageable for the Court and easier to understand for the jury.

4         Round Rock estimates a 9-day trial.  Round Rock disagrees that bifurcation is necessary and

5    opposes that suggestion.  In Round Rock's view, bifurcation would be inefficient, and would not

6    only require substantially more of the Court's time, but would also substantially delay the resolution

7    of this action.

8         As above, Samsung takes no position on the ASUS/Round Rock patent trial, but requests

9    severance or alternatively separation of its trial.

10   **17. Disclosure of Non-party Interested Entities or Persons**

11        ASUS and Round Rock have filed Certifications of Interested Entities or Persons.  (D.I. 8 &

12   10.)

13   **18. Claim Construction Hearing & Technology Tutorial**

14        ASUS estimates that for ten patents-in-suit, at least a day and a half should be scheduled for

15   the claim construction hearing.  The time should be divided equally between ASUS and Round

16   Rock.  ASUS suggests completing both sides' arguments for one patent before moving on to the next

17   patent.  As the declaratory judgment plaintiff, ASUS believes presentations should be made in the

18   following order:  Round Rock's opening; ASUS' opening; Round Rock's response; ASUS'

19   response.  At the Court's discretion, ASUS believes a technology tutorial may be helpful to the

20   Court and if so, ASUS suggests a half day of technology tutorial either immediately before or a few

21   days before the claim construction hearing.  Additionally, given the large number of patents-in-suit

22   (currently 10) and wide range of unrelated technologies, ASUS believes that having separate claim

23   construction briefing and/or claim construction hearings for smaller groups of patents may help

24   make the claim construction process more manageable for the Court and parties.

25        Round Rock contends that a three-hour Claim Construction hearing on all patents-in-suit is

26   sufficient, with time split equally between ASUS and Round Rock.  Round Rock further submits that

27   the Court may not need or want argument on all disputed claim terms.  Round Rock agrees to

28   provide a technology tutorial should the Court desire one.

| | |
|---|---|
| Dated:  August 7, 2013 | BLACK CHANG & HAMILL, LLP |
| | By:_____/s/ Andrew G. Hamill_____<br>        Andrew G. Hamill |
| | BLACK CHANG & HAMILL LLP<br>Bradford J. Black (SBN 252031)<br>bblack@bchllp.com<br>Peter H. Chang (SBN 241467)<br>pchang@bchllp.com<br>Andrew G. Hamill (SBN 251156)<br>ahamill@bchllp.com<br>4 Embarcadero Center, Ste. 1400<br>San Francisco, CA 94111<br>Telephone:      415-813-6210<br>Facsimile:      415-813-6222<br><br>DESMARAIS LLP<br>Paul A. Bondor (admitted *pro hac vice*)<br>pbondor@desmaraisllp.com<br>Jonas R. McDavit (admitted *pro hac vice*)<br>jmcdavit@desmaraisllp.com<br>Lauren M. Nowierski (admitted *pro hac vice*)<br>lnowierski@desmaraisllp.com<br>230 Park Avenue<br>New York, NY 10169<br>Telephone:      212-351-3400<br>Facsimile:      212-351-3401<br><br>*Attorneys for Round Rock Research, LLC.* |
| | PERKINS COIE LLP |
| | By:_____/s/ Tawen Chang_____<br>        Tawen Chang |
| | John P. Schnurer, Bar No. 185725<br>jschnurer@perkinscoie.com<br>Cheng Chieh (Jack) Ko, Bar No. 244630<br>ko@perkinscoie.com<br>Tawen Chang, Bar No. 215512<br>tchang@perkinscoie.com<br>Perkins Coie LLP<br>11988 El Camino Real, Suite 200<br>San Diego, CA  92130<br>Tel:  858-720-5700<br>Fax:  858-720-5799 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | James C. Pistorino, Bar No. 226496<br>JPistorino@perkinscoie.com<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>Tel:  650.838.4300<br>Fax:  650.838.4350<br><br>*Attorneys for Plaintiffs ASUSTeK Computer Inc.*<br>*and ASUS Computer International* |
| 6<br>7<br>8 | DLA Piper LLP (US)<br><br><br>By:____/s/ Eduardo Blanco_____<br>      Eduardo Blanco |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16 | DLA PIPER LLP (US)<br>Mark Fowler (SBN 124235)<br>Mark.fowler@dlapiper.com<br>Nate McKitterick (SBN 171889)<br>Nate.mckitterick@dlapiper.com<br>Eduardo J. Blanco (SBN 278817)<br>eduardo.blanco@dlapiper.com<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Telephone:     650-833-2000<br>Facsimile:     650-833-2001<br><br>*Attorneys for Defendant Samsung Electronics Co., Ltd.* |

17

18

## **Attestation**

I, Tawen Chang, the filer, attest that concurrence from Round Rock Research, LLC's and Samsung Electronics Co., Ltd.'s outside counsel in the filing of the document has been obtained.

By:    */s/ Tawen Chang*_____
         Tawen Chang