1  BLACK CHANG & HAMILL LLP
   Bradford J. Black (SBN 252031)
2  bblack@bchllp.com
   Andrew G. Hamill (SBN 251156)
3  ahamill@bchllp.com
   4 Embarcadero Center
4  San Francisco, California 94111
   Telephone:  415-813-6210
5  Facsimile:  415-813-6222

6  *Attorneys for Defendant and Counterclaim Plaintiff*
   *Round Rock Research LLC*
7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                          **OAKLAND DIVISION**

11

12

13  ASUSTEK COMPUTER INC. and ASUS        Case No. 4:11-cv-06636-CW
    COMPUTER INTERNATIONAL,
14                                        **ROUND ROCK RESEARCH, LLC'S**
              *Plaintiff,*                **ANSWER AND COUNTERCLAIMS**
15
              v.                          **JURY TRIAL DEMANDED**
16
    ROUND ROCK RESEARCH, LLC;
17  AMERICAN MEGATRENDS INC.; and
    SAMSUNG ELECTRONICS CO. LTD
18
              *Defendant.*
19

20  ROUND ROCK RESEARCH, LLC,

21            *Counterclaim Plaintiff,*

22            v.

23  ASUSTEK COMPUTER INC. and
    ASUS COMPUTER INTERNATIONAL,
24  INC.,

25            *Counterclaim Defendants.*

26

27

28

## ROUND ROCK'S ANSWER AND COUNTERCLAIMS

Round Rock Research, LLC ("Round Rock"), hereby files its Answer and Counterclaims to plaintiffs' ASUSTeK Computer, Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively "ASUS") Complaint as follows:

### ANSWER TO THE COMPLAINT

#### The Parties

1.    Round Rock admits the allegations contained in paragraph 1 of the Complaint.

2.    Round Rock admits the allegations contained in paragraph 2 of the Complaint.

3.    Round Rock admits that it is a Delaware limited liability company and that its principal place of business is Jersey City, New Jersey 07302.

4.    Round Rock admits that it owns over 4000 patents and patent applications and licenses those patents to companies that use its intellectual property.  To the extent that paragraph 4 of the Complaint contains any other or different allegations, they are denied.

5.    Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies them.

6.    Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies them.

7.    Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies them.

### JURISDICTION, VENUE AND JOINDER

8.    Paragraph 8 is a contention of law that requires no response.  To the extent a response is required, Round Rock admits the allegations contained in the first sentence of paragraph 8 of the Complaint to the extent those allegations relate to plaintiffs' First, Second, and Third Claims For Relief, and any defenses and counterclaims relating thereto.  Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 8 of the Complaint and therefore denies them.

9. For the purposes of this case only, Round Rock does not contest that this Court has specific personal jurisdiction over Round Rock. To the extent that paragraph 9 of the Complaint contains any other or different allegations, they are denied.

10. Round Rock admits that it contends that one or more of plaintiffs ASUSTeK and ACI — a wholly owned US subsidiary of ASUSTeK — incorporate and use features and functionality covered by various Round Rock patents and that plaintiffs therefore infringe these patents and that a dispute exists between Round Rock and plaintiffs regarding that infringement. To the extent that paragraph 10 of the Complaint contains any other or different factual allegations, they are denied.

11. Paragraph 11 is a contention of law that requires no response. To the extent a response is required, Round Rock denies that any contract claim between plaintiffs and defendants AMI and/or Samsung are related to plaintiff's past and continued infringement of Round Rock's patents.

12. For the purposes of this case only, Round Rock does not contest that this Court has specific personal jurisdiction over Round Rock. To the extent that paragraph 12 of the Complaint contains any other or different allegations, they are denied.

13. Round Rock admits that it has licensed patents to companies doing business in the United States. Otherwise paragraph 13 of the Complaint is denied.

14. For the purposes of this case only, Round Rock does not contest that this Court has specific personal jurisdiction over Round Rock. Round Rock admits that it contends that on or about March 30, 2011 Round Rock sent a letter to plaintiffs ASUSTeK in Taiwan and ACI in California that, among other things, stated "[a] number of ASUSTeK products incorporate and use features and functionality covered by various Round Rock patents" and "ASUSTeK therefore infringes these patents, either directly or indirectly." Round Rock admits that Mr. Gerard A. deBlasi Chief Executive Office at Round Rock and previously served as an Executive Vice President at IPVALUE Management, Inc. ("IPVALUE") from 2004 to April 2011. Mr. deBlasi served on IPVALUE's Board of Directors from 2007 to 2012. To the extent that paragraph 14 of the Complaint contains any other or different allegations, they are denied.

15.     Round Rock admits that it appointed IPVALUE as its agent to license the Round Rock patents.  Round Rock further admits that on April 14, 2011, Mr. Paul Riley of IPVALUE sent a letter to ASUSTeK in Taiwan and to ACI in California "to schedule a meeting with [ASUSTeK's patent licensing team] . . . to begin discussions regarding the [Round Rock] patents."  To the extent that paragraph 15 of the Complaint contains any other or different allegations, they are denied.

16.     Round Rock denies that this Court has general personal jurisdiction over Round Rock.  Round Rock does not contest this Court's specific personal jurisdiction for the purpose of this matter only.  Round Rock admits that on or about October 27, 2011 IPVALUE representatives met representatives of SanDisk in Milpitas, California.  Round Rock admits that Mr. Andrew Wu, Mr. Jui Min Lim, and Mr. Paul Riley are IPVALUE employees.  Mr. Wu is based in California, Mr. Lim is based in Arizona, and Mr. Riley is based in Pennsylvania.  To the extent that paragraph 16 of the Complaint contains any other or different allegations, they are denied.

17.     Round Rock admits that IPVALUE is Round Rock's limited agent for the purpose of negotiating certain licenses to Round Rock's patent portfolio.  Round Rock admits that IPVALUE has a California office.  Round Rock denies the remaining allegations in paragraph 17 of the Complaint.

18.     Round Rock admits that Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG have licensed Round Rock patents or are the recipients of a covenant not to sue.  Round Rock admits that Round Rock's employees traveled to Apple headquarters in Cupertino, California during license negotiations with Apple.  Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint as they pertain to those companies and therefore denies them.

19.     Round Rock does not have knowledge of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20.     Admitted.

**General Allegations**

21.     Round Rock admits that the Complaint purports to set forth an action involving ten Round Rock patents, but denies that there are any factual or legal or legal bases for any of the plaintiffs' claims.

22.     Round Rock admits the allegations contained in the first sentence of paragraph 19 of the Complaint.  Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and therefore denies them.

23.     Round Rock admits that Micron Technology, Inc. assigned patents to Round Rock in 2009.  Round Rock further admits that its patent portfolio includes patents related to, among other things, semiconductor processing, DRAM, computers, microprocessors, packaging, flash, battery, and power management.  To the extent that paragraph 23 of the Complaint contains any other or different allegations, they are denied.

24.     Round Rock admits that it sent a letter on or about March 30, 2011 to ASUSTeK in Taiwan and ACI in California that notified plaintiffs that certain ASUS-branded products infringe multiple Round Rock patents, including U.S. Patent Nos. 5,255,109 5,787,174, 6,002,613, and 7,285,979. To the extent that paragraph 24 of the Complaint contains any other or different allegations, they are denied.

25.     Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

26.     Round Rock admits that on or about April 14, 2011 Mr. Paul Riley of IPVALUE sent a letter to ASUSTeK in Taiwan and ACI in California.  That letter stated, "Mr. Desmarais and I would like to schedule a meeting with you in May to begin discussions regarding the RRR patents." To the extent that paragraph 26 of the Complaint contains any other or different allegations, they are denied.

27.     Round Rock admits that it met with ASUSTeK in Taiwan on or about June 9, 2011. At that meeting, Round Rock put plaintiffs on notice of their infringement of at least U.S. Patent

Nos. 7,101,727, and 7,389,369.  To the extent that paragraph 27 of the Complaint contains any other or different allegations, they are denied.

28.     Round Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies them.

29.     Round Rock admits that on October 14, 2011 it filed suit against plaintiffs in the District of Delaware, Civil Action No. 11-cv-978-RGA, for infringing nine Round Rock patents.  To the extent that paragraph 29 of the Complaint contains any other or different allegations, they are denied.

30.     Round Rock admits that it filed suit against Dell, Inc. on October 14, 2011 in the District of Delaware for infringing the same patents it asserted against the plaintiffs.  To the extent that paragraph 30 of the Complaint contains any other or different allegations, they are denied.

31.     Round Rock admits that on December 6, 2011 it amended its complaint in against plaintiffs District of Delaware, Civil Action No. 11-cv-978-RGA, to account for plaintiffs' products that infringe U.S. Patent No. 7,336,531.  To the extent that paragraph 31 of the Complaint contains any other or different allegations, they are denied..

32.     Round Rock denies the allegations contained in paragraph 32 of the Complaint.

33.     Round Rock denies the allegations contained in paragraph 33 of the Complaint.

34.     Round Rock does not have knowledge of the allegations contained in the first sentence of paragraph 34 of the Complaint and therefore denies them.  Upon information and belief, Round Rock denies the allegations in the second sentence of paragraph 34.

35.     Round Rock admits that Micron and Samsung, among others, have licensed Round Rock patents or are the recipients of a covenant not to sue.  Round Rock denies the remaining allegations contained in paragraph 35 of the Complaint.

36.     Round Rock admits that plaintiffs have not licensed Round Rock's patents, despite the need to do so.  Round Rock denies the remaining allegations of paragraph 36 of the Complaint.

37.     Round Rock does not have knowledge of the allegations contained in paragraph 34 of the Complaint and therefore denies them.

1      38.     Round Rock does not have knowledge of the allegations contained in paragraph 38 of

2  the Complaint and therefore denies them.

3      39.     Round Rock does not have knowledge of the allegations contained in paragraph 39 of

4  the Complaint and therefore denies them.

5      40.     Round Rock does not have knowledge of the allegations contained in paragraph 40 of

6  the Complaint and therefore denies them.

7      41.     Round Rock does not have knowledge of the allegations contained in paragraph 41 of

8  the Complaint and therefore denies them.

9      42.     Round Rock does not have knowledge of the allegations contained in paragraph 42 of

10  the Complaint and therefore denies them.

11      43.     Round Rock does not have knowledge of the allegations contained in paragraph 43 of

12  the Complaint and therefore denies them.

13               **Intradistrict Assignment**

14      44.     Paragraph is a statement and conclusion of law that requires no response.

15                 **First Claim for Relief**

16    **Declaratory Relief Regarding Non-Infringement of the Patents-in-Suit**

17      45.     With respect to paragraph 45 of the Complaint, Round Rock incorporates by

18  reference its responses to the allegations contained in paragraphs 1 through 44 of the Complaint as

19  set forth above.

20      46.     Round Rock admits that it contends that plaintiffs ASUSTeK and ACI incorporate

21  and use the features and functionality covered by various Round Rock patents and that a dispute

22  exists between the plaintiffs regarding that infringement.   Round Rock otherwise denies the

23  allegations of paragraph 46.

24      47.     Paragraph 47 contains a request for relief that requires no response.  To the extent it is

25  construed to contain any factual or legal allegations, Round Rock denies those allegations.  Round

26  Rock further denies that the plaintiffs are entitled to any relief whatsoever.

27

28

1

**Second Claim for Relief**

2

**Declaratory Relief Regarding Invalidity of the Patents-in-Suit**

3     48.     With respect to paragraph 48 of the Complaint, Round Rock incorporates by

4 reference its responses to the allegations contained in paragraphs 1 through 47 of the Complaint as

5 set forth above.

6     49.     Round Rock admits that there is an actual and justiciable controversy between the

7 plaintiffs and Round Rock regarding the validity of the patents-in-suit.   Round Rock otherwise

8 denies the allegations of paragraph 49.

9     50.     Paragraph 50 contains a request for relief that requires no response.  To the extent it is

10 construed to contain any factual or legal allegations, Round Rock denies those allegations.   Round

11 Rock further denies that the plaintiffs are entitled to any relief whatsoever.

12

**Third Claim for Relief**

13

**Declaratory Relief Regarding Unenforceability of the Patents-in-Suit**

14

**License/Exhaustion**

15     51.     With respect to paragraph 51 of the Complaint, Round Rock incorporates by

16 reference its responses to the allegations contained in paragraphs 1 through 50 of the Complaint as

17 set forth above.

18     52.     Round Rock admits that there is an actual and justiciable controversy between the

19 plaintiffs and Round Rock regarding the enforceability of the patents-in-suit.

20     53.     Paragraph 53 contains a request for relief that requires no response.  To the extent it is

21 construed to contain any factual or legal allegations, Round Rock denies those allegations.   Round

22 Rock further denies that the plaintiffs are entitled to any relief whatsoever.

23     54.     Paragraph 54 contains a request for relief that requires no response.  To the extent it is

24 construed to contain any factual or legal allegations, Round Rock denies those allegations.   Round

25 Rock further denies that the plaintiffs are entitled to any relief whatsoever.

26     55.     Paragraph 55 contains a request for relief that requires no response.  To the extent it is

27 construed to contain any factual or legal allegations, Round Rock denies those allegations.   Round

28 Rock further denies that the plaintiffs are entitled to any relief whatsoever.

**Fourth Claim for Relief**

**Indemnification**

56.     With respect to paragraph 56 of the Complaint, Round Rock incorporates by reference its responses to the allegations contained in paragraphs 1 through 55 of the Complaint as set forth above.

57.     Round Rock lacks knowledge of the allegations contained in paragraph 57 of the Complaint and therefore denies them.

**Answer To Prayer For Relief**

Round Rock denies that the plaintiffs are entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise.   Specifically, Round Rock denies that the plaintiffs are entitled to the relief prayed for in paragraphs (1), (2), (3), (4), (5), (6), and (7).

Round Rock further denies each and every allegation contained in the Complaint to which it has not specifically responded.

**COUNTERCLAIMS**

Counterclaim Plaintiff Round Rock Research, LLC ("Round Rock"), for its counterclaims against Counterclaim Defendants ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International, Inc. ("ACI") (collectively, "ASUS"), hereby alleges as follows:

**The Parties**

1.     Round Rock is a Delaware limited liability company with its principal place of business at Jersey City, New Jersey 07302.

2.     ASUSTeK is a company organized and existing under the laws of Taiwan, Republic of China with its principal place of business at Nr. 15 Li-Te Road, Peitou Taipei, 112, Taiwan.

3.     ACI is a wholly-owned subsidiary of ASUSTeK and a California corporation with its principal place of business at 800 Corporate Way, Fremont, California 94539.  ACI has appointed Godwin Yan at 800 Corporate Way, Fremont, California 94539, as its agent for service of process.

**Nature Of The Action**

4.      This is a civil action for infringement of nine United States patents (the "Patents-in-Suit") arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### Jurisdiction And Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.  ASUSTeK and ACI each consented to jurisdiction in this forum by, among other things, filing the Complaint in this jurisdiction, consenting to jurisdiction in *ASUS Computer International v. Round Rock Research, LLC*, 3:12-cv-2099-JST (N.D. Cal.).

6.      This Court has personal jurisdiction over ASUSTeK and ACI because, among other things, ASUSTeK and ACI each have committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock Research.

7.      This Court also has personal jurisdiction over because, among other things, ASUSTeK and ACI each have established minimum contacts within the forum such that the exercise of jurisdiction over will not offend traditional notions of fair play and substantial justice.  Moreover, ASUSTeK and ACI placed products that practice the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this judicial district.  And ASUSTeK and ACI sold, advertised, marketed, and distributed in this judicial district products that practice the claimed inventions of the Patents-in-Suit.

8.      In addition, ASUSTeK and ACI each knowingly induced, and continue to knowingly induce, infringement of the Patents-in-Suit within this District by making, using, selling, offering for sale, and importing infringing products, as well as by contracting with others to use, market, sell, offer to sell, and import infringing products, all with knowledge of the Patents-in-Suit and their claims; with knowledge that its customers will use, market, sell, offer to sell, and import the infringing products in this District and elsewhere in the United States; and with the knowledge and intent to encourage and facilitate infringing sales and use of the products by others within this District and the United States by creating and disseminating promotional and marketing materials,

1   instructional materials and product manuals, and technical materials related to the infringing

2   products.

3        9.     Moreover, ASUSTeK and ACI each knowingly contributed to the infringement of the

4   Patents-in-Suit by others in this District, and continue to contribute to infringement of the Patents-in-

5   Suit by others in this District, by selling, offering to sell, and importing components of infringing

6   products in this District, which components constitute a material part of the inventions of the

7   Patents-in-Suit; knowing of the Patents-in-Suit and their claims; knowing those components to be

8   especially made or especially adapted for use to infringe the Patents-in-Suit; and knowing that those

9   components are not staple articles or commodities of commerce suitable for substantial non-

10   infringing use.

11        10.    Further, jurisdiction is appropriate at least because of plaintiffs' filing of this action in

12   this forum.

13        11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

14   <u>**The Patents-In-Suit**</u>

15        12.    On October 19, 1993, U.S. Patent No. 5,255,109 ("the '109 Patent"), titled "Heat

16   Dissipating LCD Display," was duly and legally issued by the United States Patent and Trademark

17   Office.  Round Rock Research is the assignee of all rights, title, and interest in the '109 Patent, and it

18   possesses all rights to sue and recover for any current or past infringement of the '109 Patent.

19        13.    On July 28, 1998, U.S. Patent No. 5,787,174 ("the '174 Patent"), titled "Remote

20   Identification Of Integrated Circuit," was duly and legally issued by the United States Patent and

21   Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '174

22   Patent, and it possesses all rights to sue and recover for any current or past infringement of the '174

23   Patent.

24        14.    On November 23, 1999, U.S. Patent No. 5,991,843 ("the '843 Patent"), titled

25   "Method And System For Concurrent Computer Transaction Processing," was duly and legally

26   issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of

27

28

1   all rights, title, and interest in the '843 Patent, and it possesses all rights to sue and recover for any

2   current or past infringement of the '843 Patent.

3          15.    On December 14, 1999, U.S. Patent No. 6,002,613 ("the '613 Patent"), titled "Data

4   Communication For Memory," was duly and legally issued by the United States Patent and

5   Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '613

6   Patent, and it possesses all rights to sue and recover for any current or past infringement of the '613

7   Patent.

8          16.    On September 5, 2006, U.S. Patent No. 7,101,727 (" the '727 Patent"), titled

9   "Passivation Planarization" was duly and legally issued by the United States Patent and Trademark

10  Office.  Round Rock Research is the assignee of all rights, title, and interest in the '727 Patent, and it

11  possesses all rights to sue and recover for any current or past infringement of the '727 Patent.

12         17.    On November 21, 2006, U.S. Patent No. 7,138,823 ("the '823 Patent"), titled

13  "Apparatus And Method For Independent Control Of On-Die Termination For Output Buffers Of A

14  Memory Device," was duly and legally issued by the United States Patent and Trademark Office.

15  Round Rock Research is the assignee of all rights, title, and interest in the '823 Patent, and it

16  possesses all rights to sue and recover for any current or past infringement of the '823 Patent.

17         18.    On October 23, 2007, U.S. Patent No. 7,285,979 ("the '979 Patent"), titled

18  "Apparatus And Method For Independent Control Of On-Die Termination For Output Buffers Of A

19  Memory Device," was duly and legally issued by the United States Patent and Trademark Office.

20  Round Rock Research is the assignee of all rights, title, and interest in the '979 Patent, and it

21  possesses all rights to sue and recover for any current or past infringement of the '979 Patent.

22         19.    On February 26, 2008, U.S. Patent No. 7,336,531 ("the '531 Patent"), titled "Multiple

23  Level Cell Memory Device With Single Bit Per Cell, Re-Mappable Memory Block," was duly and

24  legally issued by the United States Patent and Trademark Office.  Round Rock Research is the

25  assignee of all rights, title, and interest in the '531 Patent, and it possesses all rights to sue and

26  recover for any current or past infringement of the '531 Patent.

27         20.    On June 17, 2008, U.S. Patent No. 7,389,369 ("the '369 Patent"), titled "Active

28  Termination Control," was duly and legally issued by the United States Patent and Trademark

1    Office.  Round Rock Research is the assignee of all rights, title, and interest in the '369 Patent, and it

2    possesses all rights to sue and recover for any current or past infringement of the '369 Patent.

3                                            **Count I**

4                          **Infringement of U.S. Patent No. 5,255,109**

5        21.    Paragraphs 1-20 are incorporated by reference as if fully restated herein.

6        22.    ASUSTeK and ACI each have infringed, and continue to infringe, the '109 Patent

7    under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using,

8    offering for sale, selling, and/or importing into the United States products that contain a heat

9    dissipating Liquid Crystal Display (LCD) as claimed in the '109 Patent ("'109 Infringing Products"),

10   including at least the VW246H LCD monitor and monitors of the VW series.

11       23.    ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly

12   infringe, the '109 Patent.  ASUSTeK and ACI have had knowledge of the '109 Patent and its

13   infringement since at least March 30, 2011 through a letter sent by Round Rock Research concerning

14   that infringement.  ASUSTeK and ACI's customers directly infringe the '109 Patent by making,

15   using, selling, and/or offering for sale '109 Infringing Products in the United States.  ASUSTeK and

16   ACI actively, knowingly, and intentionally induced, and continue to actively, knowingly, and

17   intentionally induce, infringement of the '109 Patent by making, using, offering for sale, and selling

18   '109 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell

19   '109 Infringing Products, all with knowledge of the '109 Patent and its claims; with knowledge that

20   its customers will use, market, sell, and offer to sell '109 Infringing Products; and with the

21   knowledge and intent to encourage and facilitate those infringing sales and uses of '109 Infringing

22   Products through the creation and dissemination of promotional and marketing materials,

23   instructional materials, product manuals, and technical materials related to '109 Infringing Products.

24       24.    ASUSTeK and ACI each have also contributed to the infringement by others (e.g.,

25   ASUSTeK and ACI's customers and the users of '109 Infringing Products), and continue to

26   contribute to infringement by others, by selling, offering to sell, or importing '109 Infringing

27   Products into the United States, knowing that those systems constitute a material part of the

28   inventions of the '109 Patent, knowing those systems to be especially made or adapted to infringe

the '109 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

25.     ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to infringe, at least claims 1, 4, 12, 15, 21, and 23 of the '109 Patent.

26.     Round Rock Research has been and continues to be damaged by ASUSTeK and ACI's infringement of the '109 Patent.

27.     ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe, the '109 Patent despite having received notice of its infringement from Round Rock Research.

## Count II

## Infringement of U.S. Patent No. 5,787,174

28.     Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29.     ASUSTeK and ACI each have infringed, and continue to infringe, the '174 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States products with Bluetooth and/or 802.11 wireless communication functionality ("'174 Infringing Products"), including at least products in the following lines:  Eee Slate tablet computers; CM desktop computers; Eee "All-in-One" personal computers; Bamboo, U, UL, F, N, G, K, and B series notebook computers; Internet Radio series internet radios; and Skype Phone AiGuru S2 internet phones.

30.     ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly infringe, the '174 Patent.  ASUSTeK and ACI have had knowledge of the '174 Patent and its infringement since at least March 30, 2011 through a letter sent by Round Rock Research concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '174 Patent by making, using, selling, and/or offering for sale '174 Infringing Products in the United States.  ASUSTeK and ACI actively, knowingly, and intentionally induce, and continue to actively, knowingly, and intentionally induce, infringement of the '174 Patent by making, using, offering for sale, and selling '174 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '174 Infringing Products, all with knowledge of the '174 Patent and its claims; with knowledge that

its customers will use, market, sell, and offer to sell '174 Infringing Products; and with the knowledge and intent to encourage and facilitate infringing sales and uses of '174 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '174 Infringing Products.

31.     ASUSTeK and ACI each have also contributed to the infringement by others (e.g., ASUSTeK and ACI's customers and the users of '174 Infringing Products), and continue to contribute to infringement by others, by selling, offering to sell, or importing '174 Infringing Products in the United States, knowing that those systems constitute a material part of the inventions of the '174 Patent, knowing those systems to be especially made or adapted to infringe the '174 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

32.     ASUSTeK and ACI each directly and/or indirectly infringed, and continue to infringe, at least claims 1, 2, and 15 of the '174 Patent.

33.     Round Rock Research has been and continues to be damaged by ASUSTeK and ACI's infringement of the '174 Patent.

34.     ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe, the '174 Patent despite having received notice of its infringement from Round Rock Research.

## **Count III**

### **Infringement of U.S. Patent No. 5,991,843**

35.     Paragraphs 1-34 are incorporated by reference as if fully restated herein.

36.     ASUSTeK and ACI each have infringed, and continue to infringe, the '843 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents by making, using, offering for sale, selling, and/or importing into the United States infringing products with Universal Serial Bus (USB) 3.0 functionality ("'843 Infringing Products"), including at least computer systems in the following lines: All-in-One PC computers and N series notebook computers.

37.     ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly infringe, the '843 Patent.  ASUSTeK and ACI has had knowledge of the '843 Patent and its

1    infringement since at least July 15, 2011 through correspondence from Round Rock Research

2    concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '843 Patent by

3    making, using, selling, and/or offering for sale '843 Infringing Products in the United States.

4    ASUSTeK and ACI each actively, knowingly, and intentionally induced, and continue to actively,

5    knowingly, and intentionally induce, infringement of the '843 Patent by making, using, offering for

6    sale, and selling '843 Infringing Products, as well as by contracting with others to use, market, sell,

7    and offer to sell '843 Infringing Products, all with knowledge of the '843 Patent and its claims; with

8    knowledge that its customers will use, market, sell, and offer to sell '843 Infringing Products; and

9    with the knowledge and intent to encourage and facilitate those infringing sales and uses of '843

10   Infringing Products through the creation and dissemination of promotional and marketing materials,

11   instructional materials, product manuals, and technical materials related to the '843 Infringing

12   Products.

13        38.    ASUSTeK and ACI each have also contributed to the infringement by others (e.g.,

14   ASUSTeK and ACI's customers and the users of the '843 Infringing Products), and continue to

15   contribute to infringement by others, by selling, offering to sell, or importing '843 Infringing

16   Products in the United States, knowing that those systems constitute a material part of the inventions

17   of the '843 Patent, knowing those systems to be especially made or adapted to infringe the '843

18   Patent, and knowing that those systems are not staple articles or commodities of commerce suitable

19   for substantial non-infringing use.

20        39.    ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to

21   infringe, at least claims 1, 2, 17, and 18 of the '843 Patent.

22        40.    Round Rock Research has been and continues to be damaged by ASUSTeK and

23   ACI's infringement of the '843 Patent.

24        41.    ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe,

25   the '843 Patent despite having received notice of its infringement from Round Rock Research.

26

27

28

## Count IV

### Infringement of U.S. Patent No. 6,002,613

42.    Paragraphs 1-41 are incorporated by reference as if fully restated herein.

43.    ASUSTeK and ACI each have infringed, and continue to infringe, the '613 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products containing Double Data Rate (DDR) memory (including at least mDDR, LPDDR, LPDDR2, DDR, DDR2, and DDR3 memory) (collectively, "'613 Infringing Products"), including at least products from the following lines:  Essentio and Eee desktop computers; Eee tablets; U, N, F, M, X, G, K, A, F, K, and B notebook computers; T and R servers; and AMD and Intel series motherboards.

44.    ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly infringe, the '613 Patent.  ASUSTeK and ACI have had knowledge of the '613 Patent and its infringement since at least March 30, 2011 through a letter sent by Round Rock Research concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '613 Patent by making, using, selling, and/or offering for sale '613 Infringing Products in the United States.  ASUSTeK and ACI actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '613 Patent by making, using, offering for sale, and selling '613 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '613 Infringing Products, all with knowledge of the '613 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '613 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '613 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '613 Infringing Products.

45.    ASUSTeK and ACI each have also contributed to the infringement by others (e.g., ASUSTeK and ACI's customers and the users of '613 Infringing Products), and continue to contribute to infringement by others, by selling, offering to sell, or importing '613 Infringing Products containing DDR memory in the United States, knowing those systems to constitute a

material part of the inventions of the '613 Patent, knowing those systems to be especially made or adapted to infringe the '613 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

46.     ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to infringe, at least claims 16, 17, 19, and 21 of the '613 Patent.

47.     Round Rock Research has been and continues to be damaged by ASUSTeK and ACI's infringement of the '613 Patent.

48.     ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe, the '613 Patent despite having received notice of its infringement from Round Rock Research.

## Count V

### Infringement of U.S. Patent No. 7,101,727

49.     Paragraphs 1-48 are incorporated by reference as if fully restated herein.

50.     ASUSTeK and ACI each have infringed, and continue to infringe, the '727 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products implementing and/or containing complementary metal-oxide-semiconductor (CMOS) image sensors ("'727 Infringing Products"), including at least products in the K52 line of notebook computers.

51.     ASUSTeK and ACI each has also indirectly infringed, and continue to indirectly infringe, the '727 Patent.  ASUSTeK and ACI has had knowledge of the '727 Patent and its infringement since at least June 9, 2011 through a presentation made by Round Rock Research concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '727 Patent by making, using, selling, and/or offering for sale '727 Infringing Products in the United States. ASUSTeK and ACI actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '727 Patent by making, using, offering for sale, and selling '727 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '727 Infringing Products, all with knowledge of the '727 Patent and its claims; with

1  knowledge that its customers will use, market, sell, and offer to sell '727 Infringing Products; and

2  with the knowledge and intent to encourage and facilitate those infringing sales and uses of '727

3  Infringing Products through the creation and dissemination of promotional and marketing materials,

4  instructional materials, product manuals, and technical materials related to '727 Infringing Products.

5       52.    ASUSTeK and ACI each have also contributed to the infringement by others (e.g.,

6  ASUSTeK and ACI's customers and the users of '727 Infringing Products), and continue to

7  contribute to infringement by others, by selling, offering to sell, or importing '727 Infringing

8  Products in the United States, knowing those systems to constitute a material part of the inventions

9  of the '727 Patent, knowing those systems to be especially made or adapted to infringe the '727

10  Patent, and knowing that those systems are not staple articles or commodities of commerce suitable

11  for substantial non-infringing use.

12       53.    ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to

13  infringe, at least claims 1, 2, 3, and 7 of the '727 Patent.

14       54.    Round Rock Research has been and continues to be damaged by ASUSTeK and

15  ACI's infringement of the '727 Patent.

16       55.    ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe,

17  the '727 Patent despite having received notice of its infringement from Round Rock Research.

18  **Count VI**

19  **Infringement of U.S. Patent No. 7,138,823**

20       56.    Paragraphs 1-55 are incorporated by reference as if fully restated herein.

21       57.    ASUSTeK and ACI each have infringed, and continue to infringe, the '823 Patent

22  under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or

23  indirectly, by making, using, offering for sale, selling, and/or importing into the United States

24  products containing DDR3 memory ("'823 Infringing Products"), including at least products from

25  the following lines:  Essentio and Eee desktop computers; Eee tablets; U, N, F, M, X, G, K, A, F, K,

26  and B notebook computers; T and R servers; and AMD and Intel series motherboards.

27

28

58.     ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly infringe, the '823 Patent.  ASUSTeK and ACI have had knowledge of the '823 Patent and its infringement since at least September 29, 2011 through a letter sent by Round Rock Research concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '823 Patent by making, using, selling, and/or offering for sale '823 Infringing Products in the United States. ASUSTeK and ACI actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '823 Patent by making, using, offering for sale, and selling '823 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '823 Infringing Products, all with knowledge of the '823 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '823 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '823 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to the '823 Infringing Products.

59.     ASUSTeK and ACI each have also contributed to the infringement by others (e.g., ASUSTeK and ACI's customers and the users of the '823 Infringing Products), and continue to contribute to infringement by others, by selling, offering to sell, or importing '823 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '823 Patent, knowing those systems to be especially made or adapted to infringe the '823 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

60.     ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to infringe, at least claims 37, 38, and 40 of the '823 Patent.

61.     Round Rock Research has been and continues to be damaged by ASUSTeK and ACI's infringement of the '823 Patent.

62.     ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe, the '823 Patent despite having received notice of its infringement from Round Rock Research.

**Count VII**

**Infringement of U.S. Patent No. 7,285,979**

63. Paragraphs 1-62 are incorporated by reference as if fully restated herein.

64. ASUSTeK and ACI each have infringed, and continue to infringe, the '979 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States products containing DDR3 memory ("'979 Infringing Products"), including at least products from the following lines:  Essentio and Eee desktop computers; Eee tablets; U, N, F, M, X, G, K, A, F, K, and B notebook computers; T and R servers; and AMD and Intel series motherboards.

65. ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly infringe, the '979 Patent.  ASUSTeK and ACI have had knowledge of the '979 Patent and its infringement since at least March 30, 2011 through a notice letter sent by Round Rock Research concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '979 Patent by making, using, selling, and/or offering for sale '979 Infringing Products.  ASUSTeK and ACI actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '979 Patent by making, using, offering for sale, and selling '979 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell the '979 Infringing Products, all with knowledge of the '979 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell '979 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '979 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to the '979 Infringing Products.

66. ASUSTeK and ACI each have also contributed to the infringement by others (e.g., ASUSTeK and ACI's customers and the users of the '979 Infringing Products), and continue to contribute to infringement by others, by selling, offering to sell, or importing '979 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '979 Patent, knowing those systems to be especially made or adapted to infringe the '979

1  Patent, and knowing that those systems are not staple articles or commodities of commerce suitable

2  for substantial non-infringing use.

3      67.    ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to

4  infringe, at least claims 33, 34, and 36 of the '979 Patent.

5      68.    Round Rock Research has been and continues to be damaged by ASUSTeK and

6  ACI's infringement of the '979 Patent.

7      69.    ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe,

8  the '979 Patent despite having received notice of its infringement from Round Rock Research.

9

10  **Count VIII**

11  **Infringement of U.S. Patent No. 7,389,369**

    70.    Paragraphs 1-69 are incorporated by reference as if fully restated herein.

12      71.    ASUSTeK and ACI each have infringed, and continue to infringe, the '369 Patent

13  under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or

14  indirectly, by making, using, offering for sale, selling, and/or importing into the United States

15  products containing DDR3 memory ("'369 Infringing Products"), including at least products from

16  the following lines:  Essentio and Eee desktop computers; Eee tablets; U, N, F, M, X, G, K, A, F, K,

17  and B notebook computers; T and R servers; and AMD and Intel series motherboards.

18      72.    ASUSTeK and ACI each have also indirectly infringed and continue to indirectly

19  infringe the '369 Patent.  ASUSTeK and ACI have had knowledge of the '369 Patent and its

20  infringement since at least June 9, 2011 through a presentation made by Round Rock Research

21  concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '369 Patent by

22  making, using, selling, and/or offering for sale '369 Infringing Products in the United States.

23  ASUSTeK and ACI actively, knowingly, and intentionally induced, and continue to actively,

24  knowingly, and intentionally induce, infringement of the '369 Patent by making, using, offering for

25  sale, and selling '369 Infringing Products, as well as by contracting with others to use, market, sell,

26  and offer to sell '369 Infringing Products, all with knowledge of the '369 Patent and its claims; with

27  knowledge that its customers will use, market, sell, and offer to sell '369 Infringing Products; and

28

1   with the knowledge and intent to encourage and facilitate those infringing sales and uses of '369

2   Infringing Products through the creation and dissemination of promotional and marketing materials,

3   instructional materials, product manuals, and technical materials related to the '369 Infringing

4   Products.

5       73.     ASUSTeK and ACI each have also contributed to the infringement by others (e.g.,

6   ASUSTeK and ACI's customers and the users of the '369 Infringing Products), and continue to

7   contribute to infringement by others, by selling, offering to sell, or importing '369 Infringing

8   Products in the United States, knowing those systems to constitute a material part of the inventions

9   of the '369 Patent, knowing those systems to be especially made or adapted to infringe the '369

10  Patent, and knowing that those systems are not staple articles or commodities of commerce suitable

11  for substantial non-infringing use.

12      74.     ASUSTeK and ACI each directly and/or indirectly have infringed, and continue to

13  infringe, at least claims 8, 10, 14, and 16 of the '369 Patent.

14      75.     Round Rock Research has been and continues to be damaged by ASUSTeK and

15  ACI's infringement of the '369 Patent.

16      76.     ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe,

17  the '369 Patent despite having received notice of its infringement from Round Rock Research.

18                          **Count IX**
                  **Infringement of U.S. Patent No. 7,336,531**
19

20      77.     Paragraphs 1-76 are incorporated by reference as if fully restated herein.

21      78.     ASUSTeK and ACI each has infringed, and continue to infringe, the '531 Patent

22  under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or

23  indirectly, by making, using, offering for sale, selling, and/or importing into the United States

24  products containing solid state drives ("'531 Infringing Products"), including at least UX series

25  notebook computers.

26      79.     ASUSTeK and ACI each have also indirectly infringed, and continue to indirectly

27  infringe, the '531 Patent.  ASUSTeK and ACI have had knowledge of the '531 Patent and its

28  infringement since at least December 5, 2011 through a letter sent by Round Rock Research

concerning that infringement.  ASUSTeK and ACI's customers directly infringe the '531 Patent by making, using, selling, and/or offering for sale '531 Infringing Products.  ASUSTeK and ACI actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '531 Patent by making, using, offering for sale, and selling '531 Infringing Products, as well as by contracting with others to use, market, sell, and offer to sell '531 Infringing Products, all with knowledge of the '531 Patent and its claims; with knowledge that its customers will use, market, sell, and offer to sell the '531 Infringing Products; and with the knowledge and intent to encourage and facilitate those infringing sales and uses of '531 Infringing Products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to '531 Infringing Products.

80.     ASUSTeK and ACI each have also contributed to the infringement by others (e.g., ASUSTeK and ACI's customers and the users of '531 Infringing Products), and continue to contribute to infringement by others, by selling, offering to sell, or importing '531 Infringing Products in the United States, knowing those systems to constitute a material part of the inventions of the '531 Patent, knowing those systems to be especially made or adapted to infringe the '531 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

81.     ASUSTeK and ACI each have directly and/or indirectly has infringed, and continue to infringe, at least claims 7 and 10 of the '531 Patent.

82.     Round Rock Research has been and continues to be damaged by ASUSTeK and ACI's infringement of the '531 Patent.

83.     ASUSTeK and ACI each have willfully infringed, and continue to willfully infringe, the '531 Patent despite having received notice of its infringement from Round Rock Research.

**Prayer For Relief**

Wherefore, Plaintiff Round Rock Research respectfully requests that this Court enter judgment against defendants ASUSTeK and ACI as follows:

1        a)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

2  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

3  5,255,109;

4        b)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

5  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

6  5,787,174;

7        c)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

8  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

9  5,991,843;

10        d)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

11  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

12  6,002,613;

13        e)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

14  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

15  7,101,727;

16        f)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

17  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

18  7,138,823;

19        g)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

20  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

21  7,285,979;

22        h)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

23  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

24  7,336,531;

25        i)      adjudging that the ASUSTeK and ACI have infringed, induced infringement of,

26  and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No.

27  7,389,369;

28        j)      adjudging that the ASUSTeK and ACI's infringement has been willful;

1    k)    awarding Round Rock Research the damages to which it is entitled under 35 U.S.C. §

2  284 for ASUSTeK and ACI's past infringement and any continuing or future infringement up until

3  the date ASUSTeK and ACI are finally and permanently enjoined from further infringement,

4  including both compensatory damages and enhanced/treble damages for willful infringement, and

5  ordering a full accounting of same;

6    l)    finding that this case is exceptional under 35 U.S.C. § 285;

7    m)    awarding Round Rock Research pre-judgment and post-judgment interest on its

8  damages; and

9    n)    awarding Round Rock Research such other and further relief in law or equity that the

10  Court deems just and proper.

11  **<u>Demand For Jury Trial</u>**

12  Round Rock Research hereby demands a trial by jury on all claims and issues so triable.

13

14  Dated:  August 23, 2013                                BLACK CHANG & HAMILL LLP

15                                                By:    /s/ Andrew Hamill

16                                                *Attorneys for Defendant and Counterclaim*
                                                *Plaintiff Round Rock Research, LLC*

17

18

19

20

21

22

23

24

25

26

27

28